PETERSON, APPELLANT, *v.* SCOTT CONSTRUCTION CO. ET AL., APPELLEES.

(Nos. L-81-217 and -259—Decided March 5, 1982.)

*Mr. Dale Wilker* and *Advocates for Basic Legal Equality,* for appellant.

*Mr. Francis J. Landry,* for appellees Scott Constr. Co. et al.

*Mr. William J. Brown,* attorney general, and *Mr. Michael Esposito,* for appellee Ohio Civil Rights Comm.

*Per Curiam.* This cause came on to be heard upon the record in the trial court. Each assignment of error was reviewed by the court and upon review the following disposition made:

This cause comes on appeal from the granting of defendants' motion to dismiss by the Court of Common Pleas of Lucas County.

On April 10, 1979, the appellant, Janis Peterson, filed a charge of employment discrimination with the Ohio Civil Rights Commission against Scott Construction Company. Appellant alleged that she was discharged from her job because of her sex, while the appellee alleged that appellant was laid off due to lack of work. The commission found in favor of appellee, and, on September 10, 1980, denied appellant's motion for recon-

sideration and issued its final order dismissing appellant's charge for lack of probable cause.

On November 14, 1980, appellant filed suit against appellees Robert Scott and the Scott Construction Company in the Court of Common Pleas of Lucas County. In her complaint, the appellant alleged three separate counts. Appellant brought an action for, one, civil damages pursuant to R.C. 1.16, second, for breach of an "at will" employment contract, and third, an appeal pursuant to R.C. 4112.06, a statute which provides for limited judicial review of final orders of the Ohio Civil Rights Commission.

By judgment entry dated July 7, 1981, the court granted appellees' motion to dismiss the first two causes of action of the appellant's complaint for failure to state a claim on which relief may be granted. As to the third count, the trial court dismissed said count as to appellee Robert Scott inasmuch as he was not named in appellant's charge filed with the Ohio Civil Rights Commission. From the above decision and judgment, appellant now appeals.

Appellant's first assignment of error states the following:

"The Common Pleas Court erred when it held that Section 1.16, Ohio Revised Code, does not afford a civil cause of action for sex discrimination in employment."

R.C. 1.16 reads as follows:

"Civil recovery for criminal act; record of conviction as evidence.

"Any one injured in person or property by a criminal act may recover full damages in a civil action, unless specifically excepted by law. No record of a conviction, unless obtained by confession in open court, shall be used as evidence in a civil action brought for such purpose."

By judgment entry dated July 7, 1981, the court of common pleas granted the appellees' motion to dismiss count one of appellant's complaint for failure to state a claim upon which relief can be granted, the court holding that R.C. 1.16 does not afford a separate and independent cause of action for employment discrimination. Appellant hereby contends that, since Ohio law makes employment discrimination a criminal act under R.C. 4112.99, the plain language of R.C. 1.16 authorizes an independent civil action for recovery of damages for discrimination in employment.

Appellant urges the court to hold that R.C. 1.16 creates an independent statute for violating *any* criminal law, but such is not the case. The statute, as it presently reads, was enacted in 1953 as part of the enactment of the Ohio Revised Code, its predecessor statute, G.C. 12379, reading as follows:

"Nothing contained in the penal laws shall prevent any one injured in person or property by a criminal act from recovering full damages, unless specifically excepted by law. No record of a conviction, unless obtained by confession in open court, shall be used as evidence in an action brought for such purpose."

In *Schmidt* v. *Statistics, Inc.* (1978), 62 Ohio App. 2d 48, 49 [16 O.O.3d 85], the court properly interpreted the meaning of R.C. 1.16 as follows:

"The plaintiff's reliance upon this code section [R.C. 1.16] as creating a statutory tort action is misplaced. This section is only a codification of the common law in Ohio that a civil action is not merged in a criminal prosecution which arose from the same act or acts. *Story* v. *Hammond* (1831), 4 Ohio 376, 378. For the legislative history of R.C. 1.16, see 74 Ohio Laws 243, Section 10; R.S. 6803; G.C. 12379."

In *Schmidt, supra,* the plaintiff alleged injury because of perjured testimony, the plaintiff contending that since perjury is a crime, plaintiff should be entitled to a civil recovery under R.C. 1.16. The court in *Schmidt* rejected plaintiff's claim, and held that the giving of false testimony in a judicial proceeding does not give rise, either at common law

or by statute, to a civil action for damages from such testimony.

In *Howard* v. *State Farm Ins. Co.* (1978), 61 Ohio App. 2d 198, 200 [15 O.O.3d 317], the court found that R.C. Chapter 4112 is the "sole legal remedy" under Ohio law for a person alleging unlawful employment discrimination and that, prior to the enactment of R.C. Chapter 4112, there was no common-law cause of action for employment discrimination in Ohio.

Furthermore, the legislature in November 1979, amended R.C. 4101.17 to provide an independent statutory cause of action for *age* discrimination, but did not see fit to so amend the statutory scheme for *sex* discrimination.

As such, this court agrees with the trial court that R.C. 1.16 does not afford a civil cause of action for sex discrimination in employment, and appellant's first assignment of error is found not well-taken.

Appellant's second assignment of error states the following:

"The common pleas court erred when it held that plaintiff's complaint for breach of contract for willful discharge did not state a claim upon which relief could be granted."

The trial court held that absent a written contract for a definite term, an employer may terminate its employees at will, even if the termination constitutes illegal discrimination. Appellant here contends that under the employment contract between Ms. Peterson and the appellees, the appellees had a duty under Ohio law to refrain from terminating Ms. Peterson on account of her sex or for reasons not equally applied to male employees. Appellant, in effect, contends that the employment contract creates an implied duty not to discriminate on the basis of sex.

However, the common-law rule, pertaining to an employer's right to discharge, states that absent some consideration other than services to be performed, a contract of employment for an indefinite term is to be considered a contract terminable at will by either party, with the consequence that an employer may discharge for any or no cause. See *Pearson* v. *Youngstown Sheet & Tube Co.* (C.A. 7, 1964), 332 F. 2d 439; *Hablas* v. *Armour & Co.* (C.A. 8, 1959), 270 F. 2d 71.

The Ohio courts have followed the longstanding common-law rule that employment contracts of an indefinite duration are terminable at will by either party. *Henkel* v. *Educational Research Council of America* (1976), 45 Ohio St. 2d 249 [74 O.O.2d 415]; *Wolf* v. *First National Bank of Toledo* (Lucas C.P. 1980), 20 O.O. 3d 262. Also, the Ohio courts have supported the proposition that employment contracts can be terminated at will for any cause, at any time whatsoever, even if done in gross or reckless disregard of an employee's rights. *Fawcett* v. *G. C. Murphy & Co.* (1976), 46 Ohio St. 2d 245, 249-250 [75 O.O.2d 291]; *Anderson* v. *Minter* (1972), 32 Ohio St. 2d 207 [61 O.O.2d 447].

Appellant contends that the above principles have been eroded, and cites cases from other jurisdictions in support of her proposition. However, the court in the 1980 case of *Wolf* v. *First National Bank, supra,* at 263, stated the following:

"While this Court recognizes the trend of other jurisdictions, which imposes public policy limitations on an employment contract that is terminable at will, it is likewise apparent that Ohio has not deviated from the traditional rule of law."

On the basis of the above, this court finds no error in the ruling of the trial court, and appellant's second assignment of error is found not well-taken.

Appellant's third assignment of error states the following:

"The common pleas court erred when it dismissed defendant Robert Scott on the ground that he was not named in

plaintiff's original charge to the Ohio Civil Rights Commission."

In the instant case, Robert Scott's name did not appear in the proper box on the Ohio Civil Rights Commission's form, the charge naming only "Scott Construction Co., Inc." in the box captioned, "Named is the employer _____ who discriminated against me." On the basis of the above, the trial court dismissed appellant's complaint as to Robert Scott under count three, such error constituting a violation of Ohio Adm. Code 4112-3-01(C)(1) and 4112-3-01(H).

Appellant claims that the trial court's ruling is an improper triumph of form over substance, and is inconsistent with the court's duty to interpret the rules liberally. However, the importance of procedural rules has repeatedly been stressed in Ohio. The court in *Miller* v. *Lint* (1980), 62 Ohio St. 2d 209, 215 [16 O.O.3d 244], while dealing with civil rather than administrative rules, stated that, "the integrity of procedural rules is dependent upon consistent enforcement because the only fair and reasonable alternative thereto is complete abandonment." Similarly, in *Shore* v. *Chester* (1974), 40 Ohio App. 2d 412, 414 [69 O.O.2d 368], the court stated that, "[c]ourt rules are made to be followed, both by the court and by counsel, not ignored. If a court feels its rules do not reflect the proper course of action, it should amend them, not ignore them." In *DeHart* v. *Aetna Life Ins. Co.* (1982), 69 Ohio St. 2d 189, 194 [23 O.O.3d 210], dealing with the erroneous marking of the wrong box on a praecipe, the dissenting judge, Justice Krupansky, stated, "I am constantly reading the phrase, 'a minor, technical, correctable,

inadvertent violation of a local rule' as though the majority is attempting to convince itself this is the showing of good cause. This is a conclusion without foundation." While the above cases deal with other than the administrative rules, this court finds their rationale and reasoning applicable to the instant matter.

Finally, in 2 Ohio Jurisprudence 3d 310, Administrative Law, Section 137, the author stated:

"Although clerical errors in an administrative agency's records may be made to speak the truth, this power should not be used to change a previous order because hindsight makes it possible to see errors in judgment not apparent at the time of entering the original order * * *."

On the basis of all of the above, this court finds no error in the actions of the trial court, and appellant's third assignment of error is found not well-taken.

On consideration whereof, the court finds substantial justice has been done the party complaining, and the judgment of the Court of Common Pleas of Lucas County is affirmed. This cause is remanded to said court for further proceedings and assessment of costs. Costs assessed against appellant.

*Judgment affirmed.*

CONNORS, P.J., POTTER and DOUGLAS, JJ., concur.

POTTER, J., concurring. While the reasons stated in regard to Assignment of Error No. 3 are somewhat more stringent than I feel necessary, nevertheless, I concur in the judgment.