KUHN, APPELLANT, *v.* ST. JOHN AND WEST SHORE HOSPITAL, APPELLEE.

(No. 55446—Decided June 12, 1989.)

*Sinagra & Chinnock Co., L.P.A., William A. Chinnock* and *Anthony C. Sinagra,* for appellant.

*Kitchen, Messner & Deery* and *Johanna M. Sfiscko,* for appellee.

JOHN V. CORRIGAN, P.J. The plaintiff-appellant, Marilyn A. Kuhn, brings this appeal following the jury verdict in favor of her former employer, St. John and West Shore Hospital, on the appellant's wrongful discharge claim.

The appellant first filed her claim on March 5, 1987. With leave of court, she subsequently filed an amended complaint of January 14, 1988, alleging (1) breach of an implied agreement, (2) breach of a covenant of good faith and fair dealing, and (3) reckless infliction of severe emotional distress. On January 5, 1988, the appellee moved for summary judgment. The parties agree, in the absence of a journal en-

try, that prior to trial, on February 10, 1988, the court orally determined to dismiss the plaintiff's claim for breach of the covenant of good faith and fair dealing.

Following a trial by jury, on February 18, 1988, the jury returned a verdict for the employer. On February 23, 1988, the court journalized its entry affirming the jury verdict. The trial court then filed a *nunc pro tunc* entry on March 21, 1988, which retroactively dismissed the plaintiff-appellant's claim for breach of the covenant of good faith and fair dealing, as of February 23, 1988. The court found no support for the claim under Ohio law.

On April 11, 1988, the trial court revised its entry as follows: "The Court, nunc pro tunc journalizes its decision announced to the effect of partially granting defendant's Motion for Summary Judgment, with respect to only Plaintiff's claim for Breach of the Covenant of Good Faith and Fair Dealing. Such cause is unrecognized under Ohio law and is dismissed. All other causes tried by jury. Partial."

The plaintiff timely filed a notice of appeal on March 23, 1988.

The appellant now brings two assignments of error:

"I. The trial court erred in dismissing plaintiff-appellant's claim for breach of the implied-in-law covenant of good faith and fair dealing on the basis that there is no support for such a claim in Ohio law, because there is ample support for such a claim in Ohio law, and the issue of its breach should have been submitted to the jury.

"II. The trial court erred in dismissing plaintiff-appellant's claim for breach of an implied-in-fact covenant of good faith and fair dealing on the basis that there is no support for such a claim in Ohio law, because even if there were no support in Ohio law for breach of an implied-in-law covenant of good faith and fair dealing,

both parties to an agreement may agree to be bound by an express covenant of good faith and fair dealing, and where as in the case at bar, the parties expressly acknowledge such a covenant, the issue of its breach should have been submitted to the jury."

The appellant contends that the trial court erred, as a matter of law and under the facts of this case, in dismissing her cause of action in breach of an alleged covenant of good faith and fair dealing brought on her wrongful discharge claim. The appellant argues that, contrary to the trial court's finding, such a cause of action is supported by Ohio law. We find no merit to these claims of error.

Absent facts and circumstances which indicate that an employment agreement is for a specific term, an employment contract is terminable at will by either party. *Henkel* v. *Education Research Council* (1976), 45 Ohio St. 2d 249, 74 O.O. 2d 415, 344 N.E. 2d 118. Unless the parties have otherwise agreed, an at-will employment contract may be terminated by either party for any reason not contrary to law. *Mers* v. *Dispatch Printing Co.* (1985), 19 Ohio St. 3d 100, 19 OBR 261, 483 N.E. 2d 150, paragraph one of the syllabus. Employers are free, at will, to discharge employees with whom no definite term of employment has been specified. *Id.* at 103, 19 OBR at 263, 483 N.E. 2d at 153. At-will employees are subject to termination for cause or no cause, at any time, " 'even if done in gross or reckless disregard of any employee's rights.' " *Phung* v. *Waste Management, Inc.* (1986), 23 Ohio St. 3d 100, 102, 23 OBR 260, 261-262, 491 N.E. 2d 1114, 1116 (quoting *Peterson* v. *Scott Constr. Co.* [1982], 5 Ohio App. 3d 203, 205, 5 OBR 466, 468, 451 N.E. 2d 1236, 1239). The breach of an indefinite contract for employment does not justify the recovery of damages. *Henkel, supra,* at 255, 74 O.O. 2d at 418-419, 344 N.E. 2d at 121-122.

The Ohio Supreme Court has recognized a duty of good faith and fair dealing in Ohio insurance contract cases, but not in wrongful discharge cases brought by at-will employees. See *Balyint* v. *Arkansas Best Freight System, Inc.* (1985), 18 Ohio St. 3d 126, 18 OBR 153, 480 N.E. 2d 417; *Hoskins* v. *Aetna Life Ins. Co.* (1983), 6 Ohio St. 3d 272, 6 OBR 337, 452 N.E. 2d 1315; *Slater* v. *Ohio Motorists Mut. Ins. Co.* (1962), 174 Ohio St. 148, 21 O.O. 2d 420, 187 N.E. 2d 45. Furthermore, we decline to extend a cause of action in breach of covenant of good faith and fair dealing to wrongful discharge claims.

In this case, the appellant was an at-will employee of the appellee hospital. Her work record was commendable; she was a valued employee. On being unable to convince the hospital administrators that she had paid for a plant which was taken from the hospital gift shop and found in her possession, the appellant was discharged. On her wrongful discharge claim, the employer had no burden of proof as to whether or not the appellant actually stole the plant without paying for it. Rather, under Ohio law, the burden of proof rests with the plaintiff-appellant; she must show that she is other than an at-will employee or that her discharge was contrary to law. In this case, the jury was not so persuaded.

Under the present status of Ohio law, the trial court appropriately dismissed the appellant's claim of breach of covenant of good faith and fair dealing. Ohio law does not support such a cause of action by at-will employees bringing wrongful discharge claims.

Accordingly, the appellant's claims of error are overruled.

*Judgment affirmed.*

Dyke and Sweeney, JJ., concur.