BRZOZOWSKI, Appellant,

v.

STOUFFER HOTEL COMPANY, Appellee.

[Cite as *Brzozowski v. Stouffer Hotel Co.* (1989), 64 Ohio App.3d 540.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 55865.

Decided Sept. 25, 1989.

---

*Gaines & Stern Co., L.P.A.,* and *David Roloff,* for appellant.

*Schwartz, Einhart, Wood & Szuter* and *Gregory P. Szuter,* for appellee.

Mark K. Wiest, Judge.

Appellant, Margaret Brzozowski, appeals the decision of the trial court wherein summary judgment was granted in favor of appellee, the Stouffer Hotel Co. The facts giving rise to this appeal are as follows:

In 1983, appellant was hired by appellee to act as a banquet server. Prior to the commencement of her employment, appellant was informed that she would provide services for banquets, and that she could volunteer to work at the regular Sunday brunch. When appellant accepted her job with appellee she was again told that she could work at the Sunday brunch to earn extra money, but that it was not mandatory.

In January 1987, appellant checked the work schedule and noted that she was listed for work on Sunday, January 27, 1987. After speaking with the banquet manager, appellant was told that she would be serving a small breakfast. Upon her arrival at work on that day, appellant noticed that no breakfast was listed on the schedule. She was then informed that she would have to work at the brunch.

Appellant spoke with her supervisor and stated that it was her understanding that working the brunch was strictly a volunteer job. Appellant indicated that since she had expected to work only the shorter breakfast, she was equipped with only enough medication to see her through the morning hours. Appellant was taking the medication for a back injury she had suffered at work some three months earlier.

Appellant was then given two options: work or go home. She was warned that if she left she could be subject to suspension from her employment. Because she did not wish to jeopardize her health, appellant left work.

As a result, appellant was suspended. A meeting was held with the personnel director where the incident in question was discussed. Appellant was subsequently terminated.

Appellant filed suit against appellee alleging (1) breach of contract, (2) promissory estoppel, and (3) intentional infliction of emotional distress. Appellee moved the court to dismiss appellant's third count and to strike her prayer for compensatory and punitive damages. Likewise, appellee moved for summary judgment based upon the at-will employment agreement between the parties. The trial court granted these motions.

Appellant timely appeals from the judgment of the trial court and raises three assignments of error:

"The trial court erred in granting defendant's motion for summary judgment because plaintiff produced evidence of genuine issues of fact which were material to her contractual and promissory estoppel claims.

"The trial court erred in granting the defendant employer's motion to dismiss plaintiff's claim alleging the intentional infliction of emotional distress where plaintiff alleged that the employer had intentionally or recklessly inflicted emotional distress upon her.

"The trial court erred in granting the defendant employer's motion to strike compensatory, punitive and future damages where plaintiff alleged that she was the victim of defendant's tortious behavior."

Appellant argues that the court erroneously granted summary judgment to appellee despite the presentation of evidence that demonstrated that the character of the employment was not at will. Similarly, appellant maintains that she relied to her detriment on promises made by appellee that certain portions of her work involved voluntary service, the denial of which would not result in termination. Upon review of the record, we find merit in appellant's first assignment of error.

█ It is axiomatic that Ohio adheres to the doctrine of at-will employment. *Phung v. Waste Management, Inc.* (1986), 23 Ohio St.3d 100, 23 OBR 260, 491 N.E.2d 1114. Pursuant to that doctrine, either party may terminate the employment relationship for any reason not contrary to law. *Mers v. Dispatch Printing Co.* (1985), 19 Ohio St.3d 100, 103, 19 OBR 261, 263, 483 N.E.2d 150, 153.

█ However, in *Mers, supra,* the court recognized the applicability of promissory estoppel to employment agreements. The court held that this doctrine will be invoked if oral representations made by the employer are relied upon by the employee and if the expected action or forbearance contemplated by the promise actually resulted and was detrimental to the employee. *Mers, supra,* at 105, 19 OBR at 265, 483 N.E.2d at 154.

█ While appellant does not dispute that she does not have an express employment contract with appellee, she maintains that certain promises were made by appellee that negate its ability to terminate the employment relationship in this instance. Appellant provided the trial court with documentary evidence which established that she was told that working the Sunday brunch was voluntary. The record also reflected that appellant had never before been scheduled for Sunday brunch.

When appellant was informed that she was needed to work the brunch in question, she told her supervisor that she did not have sufficient medication to get through the workday. Because she was concerned for her health, she chose to leave.

The evidence provided to the court by way of appellant's response to appellee's motion for summary judgment created an issue of fact as to special

terms for the employment relationship. Specifically, the brunch schedule was shown to be voluntary. Appellant's reliance upon this oral representation appears justified in light of the evidence provided by appellant. Moreover, portions of the deposition testimony of the supervisor who worked for appellee substantiates the arbitrariness of appellant's termination since it was admitted that employees are not discharged if they are ill and unable to work.

Appellant put forth sufficient evidence to support her contention that she detrimentally relied on the oral representations made by appellee. Since appellee's conduct over the years of appellant's employment did not vary the terms enunciated when she was hired, it is reasonable to conclude that those representations induced the reliance by appellant. *Mers, supra; Biskupich v. Westbury Manor Nursing Home* (1986), 33 Ohio App.3d 220, 515 N.E.2d 632.

Therefore, the trial court erred in granting appellee's motion for summary judgment. Appellant's first assignment of error is well taken.

In her second assignment of error, appellant asserts that the trial court erred in dismissing her claim for intentional infliction of emotional distress as a result of her termination. Also, appellant's third assignment of error alleges that it was error for the trial court to strike appellant's claim for compensatory and punitive damages. These contentions have no merit.

In an at-will employment situation, termination may occur at any time whatsoever, even if done in a gross or reckless disregard of an employee's rights. *Phung, supra,* 23 Ohio St.3d at 102, 23 OBR at 263, 491 N.E.2d at 1117; *Peterson v. Scott Constr. Co.* (1982), 5 Ohio App.3d 203, 205, 5 OBR 466, 467, 451 N.E.2d 1236, 1238. Moreover, in recognizing the tort of intentional infliction of emotional distress, we are mindful of the standard used to establish "extreme and outrageous" conduct. See *Yeager v. Local Union 20* (1983), 6 Ohio St.3d 369, 374–375, 6 OBR 421, 425–427, 453 N.E.2d 666, 671–672.

In *Foster v. McDevitt* (1986), 31 Ohio App.3d 237, 31 OBR 520, 511 N.E.2d 403, the court explained that conduct which may at times be extreme and outrageous is in some circumstances privileged. In an at-will employment situation, the employer will not be liable where the act does no more than invoke the legal right held by the employer. *Id.* at 239, 31 OBR at 523, 511 N.E.2d at 405. Since the termination in question discharged an employee in an at-will employment situation, appellee is viewed as having invoked a legal right. In light of this, it would be inconsistent to find that an employee may maintain a cause of action for intentional infliction of emotional distress for her discharge under an at-will employment agreement.

The trial court did not err in dismissing appellant's claim for intentional infliction of emotional distress. Likewise, it was not erroneous to strike appellant's prayer for compensatory and punitive damages.

Appellant's second and third assignments of error are overruled.

Having found merit on appellant's claim that summary judgment was inappropriately granted, we reverse that portion of the judgment and remand this case to the trial court.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

PATTON, P.J., and THOMAS J. PARRINO, J., concur.

THOMAS J. PARRINO, J., retired, of the Eighth Appellate District, and MARK K. WIEST, J., of the Wayne County Court of Common Pleas, sitting by assignment.