GANIM, Appellant,

v.

BROWN DERBY, INC., Appellee.

[Cite as *Ganim v. Brown Derby, Inc.* (1990), 67 Ohio App.3d 60.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 56644.

Decided March 26, 1990.

*Sinagra & Chinnock, Anthony C. Sinagra, William F. Chinnock* and *Ronald L. McLaughlin,* for appellant.

*Kahn, Kleinman, Yanowitz & Arnson Co., L.P.A., Sheldon Berns* and *James J. Bartolozzi,* for appellee.

JOHN V. CORRIGAN, Judge.

Appellant, Donald E. Ganim ("employee"), appeals from the decision of the trial court which granted summary judgment to appellee, Brown Derby, Inc. ("employer"). The facts giving rise to this appeal are as follows:

On October 28, 1974, employee was hired to act as a restaurant manager for employer. Throughout his years of employment, employee worked without a contract. The record reveals that during the employment relationship between these parties, employee advanced in his position with the company and

eventually became part of the administrative staff. On at least two occasions, employee prepared to leave his job to begin a business of his own, but was requested to remain.

On March 27, 1986, employee was advised that his employment was terminated. In response, this action by employee was commenced and alleged: (1) breach of implied contract based upon promissory estoppel, (2) intentional and reckless misrepresentation, (3) tortious breach of a covenant of good faith and fair dealing, and (4) intentional and reckless infliction of severe emotional distress.

Following discovery, employer filed a motion for summary judgment pursuant to Civ.R. 56(C). Employer maintained that it was not liable for damages to employee for the actions presented in employee's complaint since an at-will employment relationship allowed for discharge at any time. Employee refuted employer's position by putting forth evidence that the company had a practice and policy of discharging employees only for "just cause." In addition, employee filed his own motion for summary judgment.

The trial court granted employer's motion for summary judgment, and subsequently modified that judgment to provide that there was no just reason for delay. On appeal to this court, employee challenges the trial court's grant of summary judgment and presents four arguments in support of his position.

We first recognize that Civ.R. 56 permits a trial court to enter judgment as a matter of law where there are no material issues in dispute. Summary judgment is a procedural device designed to terminate litigation and to avoid a formal trial where there is nothing to try. *Norris v. Ohio Std. Oil Co.* (1982), 70 Ohio St.2d 1, 24 O.O.3d 1, 433 N.E.2d 615.

It is well settled that Ohio adheres to the employment-at-will doctrine. *Phung v. Waste Management, Inc.* (1986), 23 Ohio St.3d 100, 23 OBR 260, 491 N.E.2d 1114. Under this doctrine, employment agreements which have no term of duration are terminable at the will of either party for any reason not contrary to law. *Mers v. Dispatch Printing Co.* (1985), 19 Ohio St.3d 100, 19 OBR 261, 483 N.E.2d 150. An employment contract will be presumed to be at will unless there are "facts and circumstances which indicate that the agreement was for a specific term." *Henkel v. Educational Research Council* (1976), 45 Ohio St.2d 249, 74 O.O.2d 415, 344 N.E.2d 118.

In *Mers,* the Supreme Court recognized two exceptions to an employer's right to discharge at-will employees. First, an implied contract may exist where the employer made supplemental provisions to an oral employment agreement. These supplemental provisions act to limit the employer's discretion and require that he only discharge an employee for good cause. See

*Rambo v. E.B.P., Inc.* (Oct. 19, 1989), Cuyahoga App. No. 55658, unreported, at 4, 1989 WL 125149. Second, the doctrine of promissory estoppel will be applicable and binding on an employment-at-will relationship where an employer makes a promise, and should reasonably expect that the promise will induce action or forbearance on the part of the employee. *Mers, supra,* 19 Ohio St.3d at 105, 19 OBR at 265, 483 N.E.2d at 155.

■ In two recent cases, the Supreme Court has been given an opportunity to further examine the exceptions set out by *Mers.* The court's decision in *Helmick v. Cincinnati Word Processing, Inc.* (1989), 45 Ohio St.3d 131, 135–136, 543 N.E.2d 1212, 1216, stated that "standing alone, praise with respect to job performance and discussion of future career development will not modify the employment-at-will relationship." However, where a party makes a factual demonstration that specific promises were made upon which the employee detrimentally relied, an exception to the at-will doctrine may result. *Id.* at 136, 543 N.E.2d at 1217.

In *Helmick,* the employee was conducting a search for different employment. When her employer discovered that she was dissatisfied with her employment situation, he allegedly dissuaded her from pursuing another job. The employer reassured Helmick that she would have a job with that company if her job performance was satisfactory. With these assurances, Helmick discontinued her search for another job.

The court found that Helmick presented evidence that she detrimentally relied on specific promises of job security. With this evidence, the court found that a material issue of fact remained and, therefore, summary judgment was inappropriately granted. *Id.*

Likewise, in *Kelly v. Georgia–Pacific Corp.* (1989), 46 Ohio St.3d 134, 545 N.E.2d 1244, the court found that an issue of material fact remained where the employee presented evidence that he had detrimentally relied on his employer's practice and representations of fair treatment to all employees. *Id.* at 140, 545 N.E.2d at 1250. The court reaffirmed the application of *Mers, supra,* by stating that the character of the employment, custom, the course of dealing between the parties, and company policies should be examined by the trier of fact to determine any explicit and implicit terms concerning discharge. *Kelly, supra,* at 139, 545 N.E.2d at 1249; *Mers, supra,* at paragraph two of the syllabus. See, also, *Helle v. Landmark* (1984), 15 Ohio App.3d 1, 15 OBR 22, 472 N.E.2d 765.

■ In this case, employee presented evidence that he was given assurances at least two weeks prior to his discharge that the company had considered terminating the employment relationship, but, on reconsideration,

had decided against it. Employee also established that his employer maintained a custom of fair treatment to all employees in return for satisfactory work performance. There is no evidence presented in the record to show that employer was ever dissatisfied with this employee's work performance. To the contrary, the fact that employee was told but two weeks prior to his discharge that his services would be continually retained supports his position that he relied on being treated fairly and also reinforces his contention that he was not informed that his work was unsatisfactory.

■ When a cause of action sounding in promissory estoppel is raised in employment-at-will situations, the test to be applied questions "whether the employer should have reasonably expected its representations to be relied upon by its employee and, if so, whether the expected action or forbearance actually resulted and was detrimental to the employee." *Kelly, supra,* 46 Ohio St.3d at 139, 545 N.E.2d at 1250; *Mers, supra,* at paragraph three of the syllabus. See, also, *Uebelacker v. Cincom Systems, Inc.* (1988), 48 Ohio App.3d 268, 549 N.E.2d 1210.

In light of the evidence at issue in this case, a determination of whether employer's representations could reasonably be seen as ones which would induce action or forbearance on the part of employee cannot be properly resolved in a summary judgment motion. The reasonableness of employee's reliance creates a question of fact for the jury. *Kelly, supra,* 46 Ohio St.3d at 140, 545 N.E.2d at 1250.

■ Further, employee asserts that an employee procedure document issued to management personnel applied to him. This document clearly did not apply to this employee since it related to the work performance of lower-level management staff and not administrative personnel. There is no merit to the contention that the policies set forth in that document altered the employment relationship in this case. Cf. *Curak v. Cleveland Clinic Found.* (Dec. 22, 1988), Cuyahoga App. No. 54822, unreported, 1988 WL 141235.

However, we find merit in employee's contention that summary judgment was improperly granted as to his claim under the doctrine of promissory estoppel based upon oral assurances made by his employer.

■ In the second assignment of error, employee asserts that it was erroneous for the trial court to grant summary judgment for employer on his claim for intentional and reckless misrepresentation. This contention has merit.

The basis for employee's claim for misrepresentation is the same as that for his claim that there was an implied contract of employment due to assurances and promises made by employer. Employee has also alleged misrepresenta-

tion by employer in maintaining a practice and custom of fair treatment to all company employees.

In determining the factual question of reasonableness of employee's reliance on representations made by employer, the trial court will have to examine identical evidence as that put forth in support of employee's claim for intentional misrepresentation. To find that an implied contract exists herein or that promissory estoppel application be made, employee must demonstrate reliance on misrepresentations. *Mers, supra; Biskupich v. Westbay Manor Nursing Home* (1986), 33 Ohio App.3d 220, 515 N.E.2d 632. See, *e.g., Tasin v. Sifco Industries, Inc.* (Nov. 10, 1988), Cuyahoga App. No. 54498, unreported, 1988 WL 121035, affirmed (1990), 50 Ohio St.3d 102, 553 N.E.2d 257.

Therefore, having found that material issues of fact remain whether employee relied to his detriment on representations allegedly made by employer, we also conclude that employee's claim for intentional and reckless misrepresentation was wrongfully disregarded by the trial court's grant of summary judgment on that issue.

 In his third assignment of error employee argues that the trial court incorrectly granted summary judgment to employer on the claim of breach of an implied covenant of good faith and fair dealing. This contention has no merit.

It is well settled that Ohio law does not recognize claims for breach of covenant of good faith and fair dealing by at-will employees bringing wrongful discharge claims. *Kuhn v. St. John & West Shore Hosp.* (1989), 50 Ohio App.3d 23, 552 N.E.2d 240. A duty of good faith and fair dealing is recognized in insurance contract cases. See *Balyint v. Arkansas Best Freight System, Inc.* (1985), 18 Ohio St.3d 126, 18 OBR 188, 480 N.E.2d 417; *Hoskins v. Aetna Life Ins. Co.* (1983), 6 Ohio St.3d 272, 6 OBR 337, 452 N.E.2d 1315; *Kuhn, supra.* However, the same duty does not extend to at-will employment situations.

The trial court appropriately granted summary judgment on the employee's claim of breach of covenant of good faith and fair dealing.

 In the fourth assignment of error, the employee argues that material issues of fact remain as to whether the employer's conduct amounted to an intentional infliction of emotional distress. We disagree.

 In an at-will employment situation, termination may be carried out with gross and reckless disregard of an employee's rights. *Phung, supra,* 23 Ohio St.3d at 102, 23 OBR at 261–262, 491 N.E.2d at 1116; *Peterson v. Scott Constr. Co.* (1982), 5 Ohio App.3d 203, 205, 5 OBR 466, 468, 451 N.E.2d 1236, 1239. To establish that a cause of action for intentional infliction of emotional

distress is present, the conduct complained of must be "extreme and outrageous." See *Yeager v. Local Union Co.* (1983), 6 Ohio St.3d 369, 374–375, 6 OBR 421, 426, 453 N.E.2d 666, 671. See, also, *Lynn v. Allied Corp.* (1987), 41 Ohio App.3d 392, 400, 536 N.E.2d 25, 34.

This court has recently considered the possibility of maintaining such a cause of action in conjunction with a wrongful discharge claim where the employment situation is at-will. In *Brzozowski v. Stouffer Hotel Co.* (1989), 64 Ohio App.3d 540, 544, 582 N.E.2d 24, 27, we rejected the employee's claim for intentional infliction of emotional distress. In doing so, the decision in *Foster v. McDevitt* (1986), 31 Ohio App.3d 237, 31 OBR 520, 511 N.E.2d 403, was examined. The *Foster* case pointed out that conduct which may be at times considered extreme and outrageous will in certain circumstances be privileged. In an at-will employment situation, the employer will not be liable where the act does no more than involve the exercise of a legal right held by the employer. *Id.* at 239, 31 OBR at 522, 511 N.E.2d at 406.

This court followed that reasoning in *Brzozowski* by holding that the discharge of an at-will employee is to be viewed as the invocation of a legal right. *Brzozowski, supra,* 64 Ohio App.3d at 544, 582 N.E.2d at 27. As such, it would be inconsistent to allow a claim for intentional infliction of emotional distress to stand where an at-will employment agreement is at issue, and one party asserts its rights under the terms of such agreement.

Therefore, we find no merit to employee's claim that the trial court improperly granted summary judgment to employer on that issue.

*Judgment reversed*
*and cause remanded.*

PARRINO and PRYATEL, JJ., concur.

THOMAS J. PARRINO and AUGUST PRYATEL, JJ., retired, of the Eighth Appellate District, sitting by assignment.