## Buddner
## v.
## Teledyne Republic Manufacturing
*[Cite as 2 AOA 438]*

*Case No. 56847*
*Cuyahoga County, (8th)*
*Decided April 19, 1990*

*Jill S. Friedman, 1230 Leader Building,
Cleveland, OH 444114, For plaintiff-
appellant/cross-appellee.*

*Mary Kaye Bozza, 410 Leader Building,
Cleveland, OH 44114, For defendant-
appellee/cross-appellant.*

CORRIGAN, J.

Appellant, Patricia Buddner, appeals from
the decision of the trial court which granted
summary judgment to appellee, Teledyne
Republic Manufacturing, Inc. The facts giving
rise to this appeal are as follows:

"On June, 1979, appellant signed an
employment application for a position as an
assembler for appellee and was hired under an
at-will employment agreement. Above
appellant's signature on the application form
was a clause stating that appellant accepted the
at-will terms of the employment.

"On June 1, 1982, appellee formulated and
put into effect a policy format for all employees.
This policy provided rules and regulations of
employee conduct, disciplinary procedures to be
enforced against violators, and the provision
that appellee wished to provide fair treatment to
its employees and would only discharge them
with good and sufficient reason.

"In November 1984, John M. Grimm,
appellee's employment relations manager,
discovered an internal problem with an
employee. Suzanne Ferko, a co-worker of
appellant, was found crying in a restroom. Upon
investigation, Grimm was informed that Ferko
had been the object of appellant's extensive
harassment which caused her both physical and
emotional distress. It was also revealed that
appellant used vulgarities toward Ferko, spread
rumors, and threatened her. On November 16,
1984, appellant was suspended pending
completion of the investigation into this
conduct."

Following a full investigation, Grimm met
with appellant's immediate supervisor, the plant
manager and the president of the company.
Upon review of the details uncovered in
Grimm's investigation, it was agreed that
appellant's employment be terminated. A
telegram was sent to appellant on November 21,
1984, whereby she was informed that her
dismissal was a result of persistent disruption of
the assembly department, and due to
interference with co-workers which impeded
normal and efficient company operations.

In response to her termination, appellant
commenced the instant action and alleged: 1)
breach of contract, 2) breach of implied contract
based upon promissory estoppel, 3) breach of
implied covenant of good faith and fair dealing,
and 4) fraudulent misrepresentation. Appellee
refuted these allegations by asserting that an
employment-at-will agreement existed between
the parties which allowed termination of the
relationships by either party at any time.

Following discovery, appellee filed a motion
for summary judgment with the trial court with
supporting documentary evidence. Appellant, in
turn, filed a brief in opposition to that motion
and alleged that issues of material fact
remained as to whether she was wrongfully
discharged. Subsequently, the trial court
granted appellee's motion for summary
judgment.

On appeal, appellant maintains that the
trial court erred in granting summary judgment
to appellee. It is argued that the company policy
at issue created a contract between the parties,
and put forth promises and representations to
appellant which limited appellee's right to
terminate the employment relationship.

In determining whether summary judgment
was correctly granted to appellee, we are
mindful of the fact that appellee carried the
burden of showing that no material issue of fact

was present and that it was entitled to summary judgment as a matter of law. *Harless* v. *Willis Day Warehousing Co.* (1978), 54 Ohio St. 2d 64. When such a motion is made and supported with documentary evidence pursuant to the requirement of Civ. R. 56, the adverse party has the responsibility of rebuttal and must supply evidentiary matter to support that position. *Whiteleather* v. *Yosowitz* (1983), 10 Ohio App. 3d 272.

In order to pass on the merits of the instant appeal, we must first recognize that Ohio adheres to the employment-at-will doctrine. *Phung* v. *Waste Management, Inc.* (1986), 23 Ohio St. 3d 100. Under this doctrine, employment relationships are terminable at any time, by either party, and for any reason not contrary to law. *Mers* v. *Dispatch Printing Co.* (1985), 19 Ohio St. 3d 100.

There are two recognized exceptions to the employment-at-will doctrine. The first contemplates whether the employer's right to discharge has been limited by an established custom or course of dealing between the parties. Likewise, employee handbooks, company policy and oral representations can be used to demonstrate the existence of an employment contract. *Mers, supra,* at 104; *Helle* v. *Landmark, Inc.* (1984), 15 Ohio App. 3d 1, 7.

Second, the employer's right to discharge may be altered by promises made to the employee which fall within the doctrine of promissory estoppel. *Mers, supra,* at 104; *Ganim* v. *Brown Derby, Inc.* (Mar. 16, 1990), Cuyahoga App. No. 556644, unreported. The doctrine of promissory estoppel is applicable and binding on an employment-at-will relationship where an employer makes a promise, and should reasonably expect that the promise will induce action or forebearance on the part of the employee. *Mers, supra,* at 105; *Helmich* v. *Cincinnati Word Processing, Inc.* (1989), 45 Ohio St. 3d 131.

In this case, appellant relies solely on the company policy issued by appellee as the basis for her claim of wrongful discharge. However, in its motion for summary judgment, appellee demonstrated that even if the policy is to be viewed as an adulteration of the employment-at-will agreement between the parties, it did not violate the terms enunciated by discharging appellant.

The document at issue specifically delineates what conduct will not be condoned by the employer and the appropriate corrective action that will be imposed upon rule violators.

While appellant is correct in stating that the discipline procedure listed in the written policy is progressive in nature, it is not a requirement that an employee attend each step prior to discharge. The list of progressive disciplinary procedure reflects what corrective step will be taken by the employer based upon the classification of the offense.

The policy lists those offenses which are considered intolerable and result in provisional discharge of the employee. By examining the list provided under the category of "intolerable offenses", it is clear that threatening, harassment, and abusive conduct and language are strictly prohibited.

In support of its motion for summary judgment, appellee attached an affidavit which recanted the events leading to appellant's discharge. The decision to discharge her was supported by a complete investigation of her employment conduct, and the determination that she had violated company policy. See *Fioretti* v. *Martin-Bower Co.* (July 2, 1986), Cuyahoga App. No. 50806, unreported.

In *Kelly* v. *Georgia-Pacific Corp.* (1989), 46 Ohio St. 3d 134, 139, the court explained that any representations by an employer which may give rise to obligations over and above those in an at-will situation must be examined in reference to their reasonable effect on the employee. In other words, "the employer's representation is to be determine by what the 'promisor should reasonably expect' the employee to believe the promise means if expected action or forebearance results." *Id.* at 139; *Mers, supra,* at 105.

Appellee does not refute the existence of the policy or its employee's rights to rely on only being discharged for good and sufficient reason. Appellant's claim that she relied on the terms of the policy, however, only supports appellee's action of discharge since the evidence establishes that she violated company policy. Appellee simply acted to enforce the very document upon which appellant rests her claim for wrongful discharge.

Additionally, appellant's claim for fraudulent misrepresentation relies upon the employee policy as an assurance by appellee of fair treatment, and the existence of employee rights recognized by appellee. However, what appellant fails to see is that her allegations of misrepresentation are identical to any claim of implied contract of employment due to assurances and promises promulgated by the policy. *Ganim, supra,* at 7.

There is no merit to appellant's claims that material issues of fact remain as to whether the written policy at issue created an implied contract subsequently breached by appellee. Any reliance placed on the document was well founded since appellee acted in accordance with the disciplinary procedure set out therein.

Lastly, appellant claims error in the trial court's decision to grant summary judgment to appellee on the issue of whether it breached its covenant of good faith and fair dealing. We find no merit to this contention.

Ohio law does not recognize claims for breach of covenant of good faith and fair dealing by at-will employees bringing wrongful discharge claims. *Kuhn* v. *St. John & West Shore Hospital* (1989), 50 Ohio App. 3d 23. Thus, the trial court did not err in granting summary judgment to appellee on that claim. *Ganim, supra*, at 8.

Therefore, we find that the trial court appropriately granted summary judgment to appellee where there are no questions of fact which remain as to whether appellant was wrongfully discharged.

*Judgment affirmed.*

PATTON, C.J.
DAVID T. MATIA, J., Concur