**HARDING, Plaintiff-Appellant v. MONTGOMERY WARD CO., Defendant-Appellee.**

Ohio Appeals, Second District, Miami County.

No. 424. Decided January 17, 1944.

Bernard S. Keyt, Piqua; Berry & McCullough, Piqua, for plaintiff-appellant.

Jay G. O'Donnel, Troy; Baird Broomhall, Troy, for defendant-appellee.

## OPINION

By GEIGER, J.

This matter is before this Court on appeal from the judgment of the Court of Common Pleas of Miami County on the question of law and fact.

Plaintiff alleges in his second amended petition that the defendant is a corporation engaged in the business of owning and operating department stores throughout the Nation and in selling direct to customers; that it owns a store in the city of Piqua; that in conducting the operations of the business it employs store managers and other assistants; that on or about the 15th day of May, 1930, the company by its manager employed plaintiff who was then given a position in its retail store in Ft. Wayne and from which position the plaintiff was elevated to the position of store manager in Piqua, which po-

sition the plaintiff held until September 20, 1937, on which date he was notified that his services would no longer be required in any capacity and his employment was terminated on that day; that as such store manager he performed the duties usually performed by persons in similar positions.

Plaintiff says that as part payment for the services performed he was paid a weekly wage.

Plaintiff says that he furnished the services above described from July 3, 1930 until September 20, 1937, and for the period of July 3, 1930 to February 1, 1937, he was paid compensation in addition to salary for said services of a bonus of 8% of 85% of the net profits of the store for each fiscal year. From February 1st, 1937 to September 30, 1937, he performed the same services as he had rendered in prior years, which services were with knowledge and consent of the defendant, and that the fair and reasonable value of such services in addition to said drawing account or salary is $1407.60, which said amount is 8% of 85% of the net profits; that the defendant did employ plaintiff and receive the benefit of the services, and that at no time did defendant give any notice or convey any knowledge to the plaintiff that he was not to be paid the fair and reasonable value of the services, and that the defendant allowed him to perform such duties without doing anything to disabuse him of the expectation of receiving such bonus compensation and that at all times defendant had full knowledge of the employment; that at the time his employment was terminated such payment was recommended to be made and was thereafter refused. The plaintiff asserts that payment of the fair and reasonable value of such services was held out as an inducement to produce more sales, which required plaintiff to expend extra effort and devote long hours of overtime to the business of the defendant, which he did, resulting in benefit to the defendant, and was an inducement to plaintiff to continue to remain in the employment of the defendant, which he would not otherwise have done, and that because of the failure of the defendant to inform him at the beginning of the fiscal year of 1937 that such compensation would not be paid, the defendant is estopped from claiming said amount is not due and owing. Plaintiffs prays judgment for $1407.60.

As an answer to the second amended petition, the defendant admits its incorporation and the business in which it is engaged; that it owns a store in the city of Piqua, in the conduct of which it employs managers; it admits that on the

15th day of June, 1930, it gave employment to the plaintiff at Ft. Wayne, Indiana, and that on July 2nd he was transferred to Piqua where he was afterwards employed; that plaintiff held that position until September 30, 1937 when his employment terminated.

As a first defense defendant denies all allegations of the petition not admitted.

As a second defense defendant says that when plaintiff entered into his employment it was expressly agreed that the employment was for no specified term, but conditioned upon satisfactory services and **subject to termination by either plaintiff or defendant at any time without notice;** that the terms of the employment were defined by a standard manual with which plaintiff was familiar, and to which he agreed; said manual provided that,

"No rights to a fixed or definite term of employment are conferred by the bonus plan. The company reserves the right to terminate employment without advance notice, whether such termination be **for cause or otherwise.** If the manager's services are terminated, either by the company or by the manager, the manager forfeits his right to bonus for the entire year in which his services are terminated;"

that said provisions were in effect during 1937 and were binding upon plaintiff and the defendant.

It is asserted that plaintiff's services proved unsatisfactory and that his employment was terminated for cause in September, 1937, and the plaintiff therefore forfeited his right to any bonus for any services rendered during the year 1937 or for any part thereof and is estopped from claiming the same; that he was paid a weekly salary in accordance with the terms of his employment, and that there was a complete accord and satisfaction between the plaintiff and the defendant.

To this answer a reply is filed in which plaintiff denies all allegations contained in the defendant's answer not specifically admitted to be true, and admits that his term of employment with the defendant was for no specified term, but that said employment could be terminated with or without cause at any time without notice by either party, but denies the duration of such term of employment was expressly understood and agreed between the parties. Plaintiff admits

that when he entered into the employment there was in existence a manual which document did undertake to define the duties of the position of manager and if said manual pertained to the terms and conditions and payment for the employment, that plaintiff did not agree to the same, and further that he was not familiar with and had no knowledge and did not voluntarily agree to comply with the same.

It is further asserted by the plaintiff that the defendant in order to deprive plaintiff of payment of the bonus as referred to in the second defense of defendant's answer and to cheat and defraud plaintiff, terminated his services after a profitable showing and record of plaintiff as its store manager; that the reasonable value of his services rendered for the year 1937 is computed the same as the bonus would have been if it had been paid.

The matter in controversy was submitted to the Court without the intervention of a jury. Considerable evidence was introduced, largely directed to the value of the plaintiff's services in quantum meruit, it being asserted by the plaintiff that he did much service for the defendant company by reason of the fact that he was working for the bonus that was offered to the store managers. A large amount of testimony is also introduced to the effect that the plaintiff was discharged by the defendant without just cause, although no evidence appears supporting the claim of the plaintiff in his pleading that the defendant discharged him for the purpose of cheating and defrauding him of the amount of bonus that would have been payable to him had he served the complete fiscal year. The trial court, after examining the evidence and hearing the witnesses concluded that the basis of the plaintiff's claim was not quantum meruit but a contract which he entered into by virtue of a store manual which was issued by the defendants to fix and control the salary and bonus that were to be paid to store managers. Counsel for the plaintiff state their claim on the 14th page of their brief, to the effect,

"In this case we do not contend that the bonus plan conferred any fixed or definite term of employment. Either party had a right to sever the employment relationship at any time without notice. We do contend, however, that where the company does terminate the services of the manager, for cause or otherwise, they are obliged to pay the pro rata bonus."

The bonus plan at the time of defendant's discharge provided that he was to receive as a bonus 8% of 85% of the net profits of the store. Counsel agreed that this computation would result in an amount of $1438.83.

The store manual as to bonus to be paid to store managers contained the provision,

"No right to fixed or definite terms of employment are conferred by the bonus plan. The company reserves the right to terminate employment without advance notice, whether such termination be for cause or otherwise. If the manager's services are terminated either by the company or by the manager, the manager forfeits his right to bonus for the entire year in which his services are terminated."

Further,

"No bonus arrangement other than the foregoing shall be binding upon the company unless in writing and bearing written approval of an officer of the company."

Plaintiff's bonus was paid during the first years of his employment. On September 20, 1937, he was informed that his services were no longer required. The fiscal year during which the bonus was to be computed began on February 1, 1937, and extended to January 31, 1938, so that his employment terminated before the year was completed, or the yearly bonus earned. He thus came within the provisions of the store manual,

"If the manager's services are terminated, either by the company or by the manager, the manager forfeits his right to bonus for the entire year in which his services are terminated."

From the very nature of the bonus offered to store managers, it must be conceded that it is the result of a contract, the terms of which are agreed to by the parties. There is no question of quantum meruit, and all the evidence of the amount of work done by the store manager which he alleges he would not have performed except in the expectation of the bonus have no bearing upon the right to a bonus and the

amount to be paid. That was provided for by the contract.

The very contract that provided for the bonus provided for its termination if the store manager severed his connection during the year.

We have sought some way to justify plaintiff's claim for compensation for the work which he did between the first day of February, 1937, and the 20th day of September, 1937, that was beyond the requirement of services for which he was paid a weekly salary. He no doubt anticipated that his extra effort on behalf of the defendant would produce a profit in which he would participate by reason of the bonus plan, and without doubt he is much disappointed because he has not been paid the $1400.00 which he claims is due to him. However, we must recognize the fact that if there is a contract between the parties, fairly entered into and mutually understood, any hardship that may result gives no right to the aggrieved party to abandon the contract provision and seek compensation on quantum meruit.

The notice of appeal in this case is given on law and fact. We do not find that there are equitable questions involved, and therefore the notice should have been on law. However, the case has been considered as one on law and we have so regarded it, disregarding the attempt to make it an appeal on law and fact.

We might cite a few authorities:

"A 'bonus' is not a gift or gratuity but a sum paid for services, or upon a consideration, in addition to or in excess of that which would ordinarily be given."

"A 'bonus' is something given in addition to what is ordinarily received by or strictly due to the recipient."

The above cases are cited in Words and Phrases, Volume 5, p. 671, under the heading, "Bonus". The very definition of the word "bonus" demonstrates the fact that it is a matter of contract between the parties and not quantum meruit.

See Mabley & Carew Company v Borden, 129 Oh St 375; Black v Tyler Company, 12 Oh Ap 27; Montgomery Ward & Company v Smith, 12 Abs 28.

We are impressed with the logic of the trial court's opinion and might well adopt it as embodying our own conclusion. Judgment of the Court below affirmed.

BARNES, P. J., and HORNBECK, J., concur.