EDELMAN, Appellant,

v.

FRANKLIN IRON & METAL CORPORATION et al., Appellees.

[Cite as *Edelman v. Franklin Iron & Metal Corp.* (1993), 87 Ohio App.3d 406.]

Court of Appeals of Ohio,
Montgomery County.

No. 13663.

Decided April 29, 1993.

Richard L. Carr, Jr., for appellant.

Mark R. Chilson, for appellees.

BROGAN, Judge.

Appellant, Harold R. Edelman, appeals from an order of the Montgomery County Court of Common Pleas granting summary judgment to appellees, Franklin Iron & Metal Corporation ("Franklin") et al.

The essential facts and procedural history of the case are as follows. Appellant began employment with Franklin on July 8, 1985. On August 27, 1987, appellant entered into an employment contract with Franklin which contained, *inter alia,* the following two provisions:

"2.  *Term.* Subject to the provisions for termination hereinafter provided, the terms of this agreement shall be effective as of the 8th day of July 1985, and shall end on the 7th day of July 1995. *Either party may cancel or terminate this*

*agreement at any time with or without cause,* provided the party so desiring to terminate and cancel same gives unto the other party written notice of such intention at least sixty (60) days prior to the date of such proposed cancellation or termination.

" * * *

"13. *Corporate Stock.* Jack Edelman and Debra Edelman join in this agreement in order to authorize the issuance of thirty percent (30%) of the issued and outstanding corporate stock of Franklin Iron and Metal Corp. to Harold Edelman, in accordance with the terms of this paragraph * * *. The thirty percent (30%) of the issued and outstanding corporate stock of Franklin Iron and Metal Corp., as set forth in this paragraph, shall be transferred to Harold Edelman on the 7th day of July, 1995, in the event that said Harold Edelman is not in default of this agreement on said date * * *. *It is understood that this transfer of corporate stock is contingent upon Harold Edelman being an employee of the corporation upon the occurrence of the event* and not being in default in any matter regarding this agreement * * *."

Franklin terminated appellant's employment by letter dated February 6, 1992. Franklin alleged that the reasons for the termination were that appellant failed to meet certain expectations of the employer and engaged in certain inappropriate and unacceptable behaviors. To the contrary, appellant alleges that the only reason he was fired was because Franklin's owners wished to cheat him out of the stock bonus contained in the employment contract.

Appellant filed suit against Franklin on April 7, 1992, alleging, *inter alia,* "bad faith" termination and breach of the employment contract. Franklin filed a motion for summary judgment. The trial court found that appellant was an at-will employee and, as such, could be lawfully terminated at any time, for any reason, so long as the termination was not based upon conduct specifically provided for or allowed by statute. Accordingly, the trial court granted summary judgment to Franklin on August 19, 1992. It is from this judgment that appellant appeals.

Appellant advances the following two assignments of error: (1) the trial court erred in finding that, in the absence of statutory provisions to the contrary, an employer may terminate an employment contract in bad faith in order to avoid payment of a contract bonus or benefit without incurring liability for the bonus or benefit; and (2) the trial court erred in failing to construe the evidence most strongly in favor of appellant as required by Civ.R. 56, thus finding that appellant was terminated for cause.

Because our discussion of appellant's first assignment of error will be dispositive of the issues presented by this appeal, we will not separately address appellant's second assignment of error.

Civ.R. 56 controls summary judgment practice and states in pertinent part:

"(C) * * * Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulations and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made * * *."

As we noted in *Mercer Savings Bank v. Wooster* (Nov. 18, 1991), Montgomery App. No. CA 1273, unreported, 1991 WL 239346, in construing Civ.R. 56, the Ohio Supreme Court has stressed that its language forms a tripartite test whereby the moving party must establish: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion is made, who is entitled to have the evidence construed most strongly in his favor. See, *e.g., Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46.

In addition, on a motion for summary judgment, the nonmovant may not rest on the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial. *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095.

Appellant argues that the trial court erred in granting summary judgment to Franklin because there is a specific common-law exception to the employment-at-will doctrine which allows an action for wrongful discharge "when an employer terminates an employee in bad faith to avoid paying a contractually agreed upon bonus or benefit."

Appellant bases his argument on two cases: one federal decision purporting to construe Ohio law and one fifty-year-old Ohio case, in which the courts arguably carve out a public policy exception to the right to terminate an employment-at-will contract when such termination is done in bad faith in order to avoid paying a bonus or benefit. *Randolph v. New England Mut. Life* (C.A.6, 1975), 526 F.2d 1383; *Harding v. Montgomery Ward* (App.1944), 41 Ohio Law Abs. 243, 58 N.E.2d 75. Unfortunately, we must conclude that these cases are manifestly contrary to current Ohio law.

In Ohio, an employer's right to terminate an at-will employment contract is restricted only when such termination is in violation of a specific statute. *Greeley v. Miami Valley Maintenance Contractors, Inc.* (1990), 49 Ohio St.3d 228, 551 N.E.2d 981. "Absent statutory authority, there is no common-law basis in tort for a wrongful discharge claim." *Tulloh v. Goodyear Atomic Corp.* (1992), 62 Ohio St.3d 541, 546, 584 N.E.2d 729, 733. Furthermore, Ohio law does not recognize the doctrine of good faith and fair dealing in employment contracts. *Pyle v. Ledex* (1988), 49 Ohio App.3d 139, 551 N.E.2d 205.

We further note that *Randolph* has been repeatedly criticized as being out-of-step with controlling Ohio precedent. *Northwest Financial Agency, Inc. v. Transamerica Occidental Life Ins. Co.* (S.D.Ohio 1991), 773 F.Supp. 75. Thus, even if we may agree with appellant's position that there *should be* a public policy exception which allows an employee to sue his employer in tort for terminating him in bad faith merely to avoid the payment of a bonus or benefit due under contract, we find absolutely no support for such a proposition under current Ohio law.

In addition to the fact that Ohio law does not provide a cause of action for "bad faith" discharge in the absence of a violation of a specific statute, the employment contract at issue in this case clearly and unambiguously provides that either party may cancel the contract "at any time with or without cause." In *Midwestern Indemn. Co. v. Luft & Assoc. Ins. Agency, Inc.* (Dec. 23, 1987), Franklin App. No. 87AP–541, unreported, 1987 WL 31285, the court of appeals was faced with substantially similar language in an employment contract.

"[Appellants] * * * contend that there was a genuine issue of fact about whether Midwestern's termination of the agency agreement was done in bad faith, which they argue would provide a basis for avoiding the termination. There is some evidence of a bad faith determination, construing the evidence most favorably towards the non-moving parties, as must be done in summary judgment * * * The issue, however, is whether an alleged "wrongful" or "bad faith" termination has any relevance to termination of a contract which either party may terminate without any reason. *The case law in Ohio supports the proposition that, where termination of a contract may be done by either party for any reason whatsoever, there will be no inquiry into the motive for termination as it is irrelevant.* See generally *Cavanaugh v. Nationwide Mutual Ins. Co.* (1976), 65 Ohio App.2d 123, 128–130 [19 O.O.3d 74, 77–78, 416 N.E.2d 1059, 1062–1063].

"*It appears to us that existing contract law in Ohio permits a party to a contract to exercise a right to terminate without reason if clearly expressed in the contract without inquiry into the motive for the termination, although arguably in bad faith, if not contrary to law.* This belief is reinforced by the

recent holding of the Ohio Supreme Court in regard to an employment-at-will agreement where the Ohio Supreme Court held that there was not a public policy exception to the right to terminate. See *Phung v. Waste Management, Inc.* (1986), 23 Ohio St.3d 100 [23 OBR 260, 491 N.E.2d 1114]." (Emphasis added.)

We agree with the well-reasoned opinion of the Franklin County Court of Appeals. We conclude from the clear language of the contract in this case that either party had the right to terminate the contract at any time, for any reason, even in bad faith. As the Ohio Supreme Court has stated, "[a] fundamental policy in favor of the employment-at-will doctrine is the principle that parties to a contractual relationship should have complete freedom to fashion whatever relationship they so desire." *Id.*, 23 Ohio St.3d at 102, 23 OBR at 262, 491 N.E.2d at 1116. "Employment contracts can be terminated at will for any cause, at any time whatsoever, even if done in gross or reckless disregard of any employee's rights." *Id.*

In sum, appellant was an at-will employee of Franklin due to the clear and unambiguous language of the employment contract which allowed either party to "cancel or terminate this agreement at any time with or without cause." This language allowed Franklin to terminate without reason and without suffering judicial inquiry into the motive for termination, even if in bad faith, so long as the termination was not in violation of a specific statute. Appellant did not argue a statutory violation and we have found none. Thus, because there exists no common-law basis in tort for a wrongful discharge claim, and because Ohio does not recognize the doctrine of good faith and fair dealing in employment contracts, the trial court was correct in concluding that Franklin was entitled to judgment as a matter of law.

Accordingly, appellant's assignments of error are overruled and the judgment of the Montgomery County Court of Common Pleas will be affirmed.

*Judgment affirmed.*

WOLFF and FAIN, JJ., concur.