OPINION
{¶ 1} Plaintiff, Greg Hatfield, appeals from a summary judgment for Defendant, Supporting Council of Preventative Effort ("SCOPE"), on Hatfield's claim for wrongful termination of employment.
 {¶ 2} SCOPE provides home improvement materials and services to qualified low income persons through a Home Weatherization Assistance Program ("HWAP"). SCOPE receives federal and state funds available to HWAP providers.
 {¶ 3} Hatfield was employed by SCOPE beginning in 1991. He held several different positions, most recently the position of inspector/estimator. In that capacity he approved or "signed off on" installations and improvements. HWAP contains minimum standards for weatherization improvements with which providers must comply.
 {¶ 4} Hatfield alleges that on two occasions, in July and again in August of 2000, his supervisor directed him to sign off on furnace and water heater installations that Hatfield had concluded were unsafe. Hatfield refused to sign off. Hatfield also alleges that he previously asked to be reassigned from a supervisory position he held at an earlier point in time because his own supervisor had rescinded discipline Hatfield imposed on lax inspectors who reported to him.
 {¶ 5} Following the instructions he was given to sign off on faulty and dangerous work, Hatfield eventually resigned from his employment by SCOPE. He subsequently commenced this action against SCOPE alleging wrongful termination of his employment.
 {¶ 6} SCOPE moved for summary judgment. The trial court granted the motion, finding no evidence that Hatfield had been discharged from his position, either actually or constructively, so as to impose any liability on SCOPE. Hatfield filed a timely notice of appeal.
 {¶ 7} Assignment of Error
 {¶ 8} "It is error for the trial court to find that deliberately creating risks to lives and property of clients is a tolerable work requirement."
 {¶ 9} Summary judgment may not be granted unless the entire record demonstrates that there is no genuine issue of material fact and that the moving party is, on that record, entitled to judgment as a matter of law. Civ.R. 56. The burden of showing that no genuine issue of material fact exists is on the moving party. Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 375 N.E.2d 46. All evidence submitted in connection with a motion for summary judgment must be construed most strongly in favor of the party against whom the motion is made.Morris v. First National Bank Trust Co. (1970),21 Ohio St.2d 25, 254 N.E.2d 683. In reviewing a trial court's grant of summary judgment, an appellate court must view the facts in a light most favorable to the party who opposed the motion. Osborne v. Lyles (1992),63 Ohio St.3d 326, 587 N.E.2d 825. Further, the issues of law involved are reviewed de novo. Nilavar v. Osborn (1998),127 Ohio App.3d 1, 711 N.E.2d 726.
 {¶ 10} "Unless otherwise agreed, either party to an oral employment-at-will employment agreement may terminate the employment relationship for any reason which is not contrary to law." Mers v. Dispatch Printing Co. (1985), 19 Ohio St.3d 100, paragraph one of the Syllabus by the Court. Exercise of the right by an employer who discharges an employee is contrary to law when it is prohibited by statute or contravened a clear public policy.Greeley v. Miami Valley Maintenance Contractors, Inc. (1990),49 Ohio St.3d 228. A "clear public policy" sufficient to justify the exception may be contained in statutes or administrative regulations, as well as constitutions and the common law.Painter v. Graley (1994), 70 Ohio St.3d 377.
 {¶ 11} Hatfield concedes that he resigned from his employment by SCOPE, but argues that he has a claim for wrongful termination from employment because he was constructively discharged. He argues that repeatedly being asked to sign off on faulty, unsafe and illegal work, made working conditions so intolerable that a reasonable person would be compelled to resign.
 {¶ 12} Hatfield relies on several cases in which an employee's termination was deemed wrongful because it was in contravention of some clear public policy. In Painter v.Graley, for example, an employee was discharged because he was the subject of a child support wage withholding order. InSimonelli v. Anderson Concrete Co. (1994), 99 Ohio App.3d 254, an employee was fired for consulting an attorney. In Powers v.Springfield City Schools (1998), Clark App. No. 98-CA-70, a school counselor was fired for reporting child abuse. And, inStephenson v. Litton Systems, Inc. (1994), 97 Ohio App.3d 125, an employee was fired after she called police to notify them that her supervisor was driving while drunk.
 {¶ 13} Hatfield argues that because the HWAP and other regulations that his supervisor instructed him to ignore were enacted for safety purposes, compliance with those regulations constitute a clear and public policy which an employer may not contravene by ordering its employees to violate those standards. We agree, but also note that unlike in the cases on which Hatfield relies, here there was no termination by the employer, SCOPE. Hatfield argues that actual termination isn't required because his resignation amounted to a constructive discharge.
 {¶ 14} "The test for determining whether an employee was constructively discharged is whether the employer's actions made working conditions so intolerable that a reasonable person under the circumstances would have felt compelled to resign." Mauzy v.Kelly Services, Inc. (1996), 75 Ohio St.3d 578, at paragraph four of syllabus. "In applying this test, a court must determine whether, viewed objectively, the cumulative effect of the employer's actions would make a reasonable person believe that termination was imminent . . . No single factor is determinative." Id., at p. 589.
 {¶ 15} Hatfield's argument that he was constructively discharged confuses the "clear public policy" exception to the doctrine of at-will employment with the other element of a wrongful termination claim, which is termination or its equivalent. Absent termination, actual or constructive, a claim for wrongful termination cannot lie, no mater how wrongful the employer's acts or intentions may have been.
 {¶ 16} Discharging an employee because he follows the requirements of a clear public policy is sufficiently "wrongful" to make the discharge itself actionable. Powers. Likewise, requiring an employee to violate the mandates of a clear public policy may be wrongful conduct on the employer's part. However, the employee's resulting resignation cannot create a constructive discharge chargeable against the employer unless the employer's particular conduct would make a reasonable person believe that termination was imminent should he not follow the employer's orders. Mauzy. Absent that threat, actual or implied, a resulting resignation by an employee is not a discharge which is actionable, no matter how wrongful the employer's actions may have been, because the resignation is a product of the employee's voluntary choice.
 {¶ 17} The trial court granted SCOPE's motion for summary judgment, stating:
 {¶ 18} "After returning to his position, the Plaintiff refused to sign off on two separate jobs. The Plaintiff refused to approve the new jobs because, in his view, they were not in accordance with weatherization standards. Beyond these facts, there is no evidence of undue pressure or influence from supervisors to approve projects that did not conform to weatherization standards. There is also nothing in the record that shows any action was taken or even contemplated against Hatfield for his refusing to sign off on jobs. Furthermore, there is no evidence that the Plaintiff's job was in jeopardy for refusing to sign off on jobs. Without more, there is no evidence that the Plaintiff was constructively discharged by SCOPE." (Decision and Order, p. 7).
 {¶ 19} We agree with the trial court's analysis and conclusion. Having admitted in his complaint that he resigned his position with SCOPE, and after SCOPE had moved for summary judgment on Hatfield's wrongful termination from employment claim, it was Hatfield's burden to show that he was constructively discharged. Dresher v. Burt (1996),75 Ohio St.3d 280. However, there is no evidence that as a result of his refusals Hatfield was warned, disciplined, demoted, or otherwise penalized by SCOPE in any way. Lacking that, there is no way that Hatfield can prove that, viewed objectively, the cumulative effect of SCOPE's actions would make a reasonable person in Hatfield's position believe that termination was imminent.Mauzy. Therefore, he cannot prove the element of constructive discharge on which his claim rests.
 {¶ 20} The assignment of error is overruled. The judgment of the trial court will be affirmed.
Brogan, J. and Wolff, J., concur.