**CLARK, Appellant,**

v.

**COLLINS BUS CORPORATION, Appellee.**

[Cite as *Clark v. Collins Bus Corp.* (2000), 136 Ohio App.3d 448.]

Court of Appeals of Ohio,
Third District, Allen County.

No. 1–99–30.

Decided Feb. 9, 2000.

*Juan Jose Perez* and *Andrew D. Wachtman,* for appellant.

*Cory, Meredith, Witter, Roush & Cheney* and *Frank B. Cory,* for appellee.

---

SHAW, Judge.

Plaintiff-appellant, Joseph Clark, appeals from the judgment of the Allen County Court of Common Pleas granting summary judgment in favor of defendant-appellee, Collins Bus Corporation ("Collins"), on all claims asserted against it by Clark.

On December 1, 1997, Clark filed this action against Collins. In his complaint, Clark set forth claims for breach of the employment contract between himself and Collins, promissory estoppel, and intentional infliction of emotional distress, all of which arise from Collins's alleged failure to employ Clark. Collins filed a motion for summary judgment, asserting that Clark's claim for breach of contract failed because he was an employee at will and that he could not prove the elements necessary for his other two claims. The trial court granted summary judgment in favor of Collins on all counts.

The evidence presented in the summary judgment proceeding reveals that Collins interviewed Clark for the position of vice president of sales and marketing of the school bus division. After interviewing Collins and discussing Clark's employment, Phillip Roberts, Collins's president, sent Clark an "offer letter" dated October 3, 1997, which set forth various terms and conditions of Clark's employment with Collins. The relevant terms of employment contained in this letter and the attachments provide as follows:

| | |
|---|---|
| "Compensation: | $1,442.30 per week, paid twice per month at $3,125.00 each pay period, less applicable payroll taxes. |
| "Move Allowance: | $9,000.00, paid ⅓ when you start work, ⅓ when you move, and ⅓ when you sell your home in Ohio. The attached "Relocation Expense Repayment Agreement" must be executed prior to any payments. |
| "Vacation: | Per Company policy: 40 hours after 6 months, 40 hours after 1 year, 80 hours after 2 years, 120 hours after 10 years. |
| "Sales Bonus: | Per the attached plan. |
| "Health, Dental and Life Insurance: | Per the Company's Health Plan[.] * * * |
| "Stock Options: | Subject to approval of the Board of Directors, you will be granted an option to purchase 2,500 shares of Collins Industries, Inc. stock. |

"Your anticipated starting date is November 1, 1997.

(attachment)
"JOE CLARK
"FY 1998 BONUS PLAN

"For FY 1998, Joe Clark will be subject to the following bonus plan:
"1) Joe will be paid a bonus of $10,000.
"2) For school bus units sold in excess of the planned 300 dealer units, Joe will receive $100.00 per unit that is sold and recognized as revenue to dealers on or before October 31, 1998.

"All of the above bonus amounts are subject to Joe Clark being employed at October 31, 1998[.] * * *

(attachment)
"Relocation Expense
"Repayment Agreement

"I promise to immediately repay Collins Bus Corporation all payments made to me related to my relocation, * * * if I voluntarily leave the employ of Collins Bus Corporation at any time within eighteen (18) months of my employment. "* * *"

Clark's signature appears on the Relocation Expense Repayment Agreement and the letter, denoting his acceptance of Collins's offer of employment on October 7, 1997. That same day Clark gave notice of his resignation as the national sales manager for U.S. Bus Manufacturing, Inc., a competitor of Collins. Thereafter, on October 15, 1997, Roberts learned that Don Ridsdill, Vice-

President of Collins's largest customer of school buses, Laidlaw Transport, apparently had concerns over the hiring of Clark. Subsequently, on October 23, 1997, after Roberts had learned that Clark had personally called Ridsdill, Clark was notified of Collins's intent to withdraw the offer of employment.

Clark now appeals from the trial court's grant of Collins's motion for summary judgment and raises two assignments of error for our review. For his first assignment of error, Clark asserts:

"The trial court erred when it determined that appellee Collins Bus Corp. could terminate the intended employment relationship with appellant Clark at any time despite a written employment agreement."

Clark essentially claims that he had a written contract of employment whereby Collins was obligated to employ him and that Collins anticipatorily repudiated his contract.

In general, under Ohio's employment-at-will doctrine, "the employment relationship between employer and employee is terminable at the will of either; thus, an employee is subject to discharge by an employer at any time, even without cause." *Wright v. Honda of Am. Mfg., Inc.* (1995), 73 Ohio St.3d 571, 574, 653 N.E.2d 381, 384. However, the Ohio Supreme Court has established two exceptions to the employment-at-will doctrine: (1) the existence of implied or express contractual provisions that alter the terms of discharge and (2) the existence of promissory estoppel where representations or promises have been made to an employee. *Id.,* citing *Mers v. Dispatch Printing Co.* (1985), 19 Ohio St.3d 100, 104–105, 19 OBR 261, 264–265, 483 N.E.2d 150, 154–155. Where a contract of employment does not state the duration of employment, employment is considered to be at will. *Bear v. Geetronics, Inc.* (1992), 83 Ohio App.3d 163, 168, 614 N.E.2d 803, 806, citing *Peters v. Mansfield Screw Machine Products Co.* (1991), 73 Ohio App.3d 197, 200, 596 N.E.2d 1071, 1073; *Phung v. Waste Mgt., Inc.* (1988), 40 Ohio App.3d 130, 134, 532 N.E.2d 195, 200. See, also, *Henkel v. Educational Research Council of Am.* (1976), 45 Ohio St.2d 249, 74 O.O.2d 415, 344 N.E.2d 118, syllabus.

Summary judgment is appropriate under Civ.R. 56 when no genuine issue as to any material fact remains to be litigated, the moving party is entitled to judgment as a matter of law, and it appears from the evidence that reasonable minds can come to but one conclusion, and with such evidence viewed most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375·N.E.2d 46, 47.

In this case, the parties, employee and employer, acknowledge the written employment agreement comprised of the letter offering employment terms with attachments confirming contingencies for bonus payments and reimbursements

for employee moving expenses. No express term for duration of employment is written in any regard, and, thus, the contract at issue was for employment at will. In an at-will employment relationship, either employer or employee may terminate that relationship for any reason that is not contrary to law. *Mers v. Dispatch Printing Co.*, 19 Ohio St.3d at 103, 19 OBR at 263, 483 N.E.2d at 153. The employee here, having accepted employment, made necessary arrangements to leave his former employer, move to the new employer's city, and pursue his job duties. Before the employee began to do any work, his new employer, when confronted with the alternative, chose to retain an old customer rather than this new employee.

■ Last, Clark claims that his breach-of-contract claim is predicated on breach of an implied covenant of good faith and fair dealing in employment. However, Ohio law does not recognize a good faith and fair dealing requirement in employment-at-will relationships. *Mers*, 19 Ohio St.3d at 105, 19 OBR at 265, 483 N.E.2d at 155; *Edelman v. Franklin Iron & Metal Corp.* (1993), 87 Ohio App.3d 406, 411, 622 N.E.2d 411, 414–415; *Kuhn v. St. John & W. Shore Hosp.* (1989), 50 Ohio App.3d 23, 25, 552 N.E.2d 240, 242; *Lineken v. Marathon Oil Co.* (Mar. 29, 1990), Hancock App. No. 5–86–49, unreported, 1990 WL 35564, at *4.

Accordingly, Clark's first assignment of error is overruled.

■ For his second assignment of error, Clark asserts:

"The trial court erred when it determined that appellant Clark had not presented specific facts to support a promissory estoppel claim as an exception to the employment at-will-doctrine."

In *Mers v. Dispatch Printing Co.*, at paragraph three of the syllabus, the Ohio Supreme Court specifically held:

"The doctrine of promissory estoppel is applicable and binding to *oral at-will employment agreements.* The test in such cases is whether the employer should have reasonably expected its representation to be relied upon by its employee and, if so, whether the expected action or forbearance actually resulted and was detrimental to the employee." (Emphasis added.)

■ In the absence of a "specific promise of continued employment," a promise of future benefits or opportunities does not support a promissory estoppel exception to the employment-at-will doctrine. *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, paragraph two of the syllabus. Other Ohio courts of appeals have likewise found a clear, unambiguous promise to be indispensable to a finding of promissory estoppel in employment-at-will cases. See *Ekunsumi v. Cincinnati Restoration, Inc.* (1997), 120 Ohio App.3d 557, 562, 698 N.E.2d 503, 506; *Healey v. Republic Powdered Metals, Inc.*

(1992), 85 Ohio App.3d 281, 284, 619 N.E.2d 1035, 1036. Moreover, "[p]romissory estoppel does not apply to oral statements made prior to the written contract, where the contract covers the same subject matter." *Borowski v. State Chem. Mfg. Co.* (1994), 97 Ohio App.3d 635, 643, 647 N.E.2d 230, 235.

Initially, it must be noted that this is not a case about an oral contract whose terms must be determined. The parties have expressed their promises in their written terms. Since a written contract without an expressed term of duration is for at-will employment, no durational terms may be inferred. However, it should be noted that Clark does not claim that any express promise of continued employment was made to him in regard to either payment of a bonus or moving expenses, before or after he accepted the employer's letter terms. Indeed, his deposition testimony acknowledges that no express promise of continued employment was made. Because no express promise of continued employment is contained in the parties' written agreement, or even expressed contemporaneously with its acceptance by Clark, we find that Clark cannot invoke the doctrine of promissory estoppel in the present case. Clark's second assignment of error is overruled.

In sum, because neither alternative theory for recovery is thus dependent on resolution of a material fact question, we believe the trial court correctly entered its summary judgment in favor of Collins and its judgment should be affirmed.

*Judgment affirmed.*

HADLEY, P.J., and THOMAS F. BRYANT, J., concur.