OPINION
Appellant, Laura Bentley, appeals the Lake County Court of Common Pleas' judgment entry granting summary judgment in favor of appellees, API Pattern Works, Inc. ("API"), Jesse Baden ("Baden"), and Kim Ferron ("Ferron").
The record reveals that on September 21, 1999, appellant filed a complaint against appellees based on three claims: (1) retaliatory discharge pursuant to R.C. 4112.02(I); (2) violating the public policy exception to the Greeley doctrine of at-will employment; and (3) intentional infliction of emotional distress. Appellees filed a motion for summary judgment on May 18, 2000. On July 25, 2000, the trial court issued a judgment entry granting summary judgment in favor of appellees.
The facts in this case are as follows. In January 1999, appellant began her employment with API, an Ohio corporation. At that time, Baden was the president of API, and Ferron was appellant's immediate supervisor. In her complaint, appellant claimed that during her employment with API, Ferron informed her that there were "substantial differences between benefits provided by [API to her] and benefits provided by [API] to men who were similarly situated to [appellant]." Ferron told appellant that she wanted to try to eliminate the disparate treatment between male and female employees. Appellant and her mother, who was also employed at API, claimed they made insistent inquiries of Ferron as to the discrepancies even after they were told the cause was a hopeless one. Thereafter, appellant felt that Ferron's attitude toward her had changed. Appellant declared that Ferron was acting in a retaliatory manner toward her because she would not let the discrepancy issue die. On September 9, 1999, appellant told Ferron that she was going to file a lawsuit. Due to this remark, on September 10, 1999, appellant stated she was disciplined for "insubordination for threatening to file a complaint of harassment and discrimination." Subsequently, Baden fired appellant.
Appellant timely filed the instant appeal and now assigns the following as error:
 "[1.] The trial court erred to the prejudice of [appellant] in granting [appellees'] [m]otion fort [sic] [s]ummary [j]udgment on [appellant's] claims of [r]etaliatory [d]iscrimination.
 "[2.] The trial court erred to the prejudice of [appellant] in granting [appellees'] [m]otion for [s]ummary [j]udgment on [appellant's] Greeley claim.
 "[3.] The trial court erred to the prejudice of [appellant] in granting [appellees'] [m]otion for [s]ummary [j]udgment on [appellant's] claim for [i]ntentional [i]nfliction of [e]motional [d]istress."
Prior to granting a motion for summary judgment, a trial court must determine that "(1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made." Mootispaw v. Eckstein
(1996), 76 Ohio St.3d 383, 385. On appeal, the trial court's granting of summary judgment is reviewed de novo. Monrean v. Higbee Dept. Stores,Inc. (Dec. 29, 2000), Trumbull App. No. 99-T-0099, unreported, 2001 WL 20808, at 5.
Under appellant's first assignment of error, she argues that the trial court erred in granting appellees' motion for summary judgment on her claim of retaliatory discrimination. The question here is whether there was insufficient evidence to submit appellant's claim for retaliation to the jury.
In cases involving discriminatory treatment by an employer against an employee, the law engages in an evidential burden shifting mechanism between the parties. The first step requires that the employee make a prima facie case of discrimination. McDonnell Douglas Corp. v. Green
(1973), 411 U.S. 792, 802. As recognized by McDonnell Douglas,411 U.S. at 802, fn. 13, the prima facie proof required will vary from case to case based on differing factual situations.
In order to establish a prima facie case of retaliation under R.C.4112.02(I), an employee must show: (1) he or she was a member of a protected class or engaged in a protected labor activity; (2) the employer knew of the employee's participation in the protected activity; (3) the employer took adverse employment action against the employee and stated reasons that were not the true retaliatory reason; and (4) there was a causal link between the protected activity and the adverse employment action. Mack v. B.F. Goodrich Co. (1997), 121 Ohio App.3d 99, 104;Chandler v. Empire Chem., Inc., Midwest Rubber Custom Mixing Div. (1994), 99 Ohio App.3d 396, 402.
Once an employee presents evidence of a prima facie case of discrimination, the burden shifts to the employer to articulate a legitimate nondiscriminatory reason for the employer's action. TexasDept. of Community Affairs v. Burdine (1981), 450 U.S. 248, 253. If the employer carries its burden, the burden then shifts back to the employee to prove that the proffered non-discriminatory reasons by the employer are a pretext. Reeves v. Sanderson Plumbing Products, Inc. (2000),530 U.S. 133, 143. Pretext is established by either (1) a direct evidential showing that a discriminatory reason more likely motivated the employer or (2) an indirect evidential showing that the employer's explanation is not credible. Burdine, 450 U.S. at 256. "[M]ere conjecture that [the] employer's explanation is a pretext for intentional discrimination is an insufficient basis for denial of summary judgment."Branson v. Price River Coal Co. (C.A.10, 1988), 853 F.2d 768, 772.
If the employer has met its burden, the trial court, in determining if the employer's explanation is a pretext, may "still consider the evidence establishing the plaintiff's prima facie case `and inferences properly drawn therefrom * * *.'" Reeves at 143, quoting Burdine, supra, at 255, fn. 10.
Turning to appellant's claim of retaliatory discrimination, she has failed to demonstrate a prima facie case for retaliatory discrimination because the second, third, and fourth elements of the standard are lacking. There was no evidence appellees had knowledge of any protected labor activity in which appellant may have been engaged. Further, appellant did not demonstrate that she was terminated because she engaged in a protected activity. Finally, there was no evidence to support a causal connection between any protected labor activity and appellant's termination with API.
Furthermore, viewing the evidence in a light most favorable to appellant and assuming that she had established an inference of causation, appellees then would have the burden to articulate a legitimate reason for her elimination. In this case, the evidence shows that appellant's arguments consist only of her unsupported allegations that there were differences between benefits to male employees and female ones. Yet, there is no evidence before us to support this inference.
Moreover, appellant relies on evidence that Ferron had discussed the disparate treatment between male and female employees at API. However, according to the affidavits filed by Ferron and Baden, which were attached to appellees' motion for summary judgment, there were no such differences between the treatment of male and female employees at API. In addition, appellant has failed to allege a specific claim of disparate treatment. She has only made unsupported general allegations of such treatment between the employees at API. Appellant has not shown, for example, that male workers received better benefits than female employees did. Since appellant has not submitted evidential material that there was any illegal discrimination by API, she has not raised a factual question that she was engaged in a protected activity. Appellant also has not provided any evidence contrary to the assertions in the affidavits filed by Ferron and Baden.
Therefore, the trial court correctly determined that there was insufficient evidence presented to submit this claim to the jury since there was no evidence establishing that appellant was engaged in any protected activity. Additionally, even if appellant was engaged in a protected activity, it was not known to appellees, and there no was causal connection between appellant's activity and her termination.
Appellant's complaint focused on the disparate treatment between male and female employees as related to the benefits at API. However, after reviewing appellant's deposition, it is our view that appellant primarily focused on not being allowed to take smoke breaks or to leave early like other employees. In fact, in her deposition, appellant indicated that she only made a singular comment to a new fellow female employee, Debbie Moss, that there was disparate treatment between the male and female employees regarding benefits. Appellant did not pursue her allegation of disparate treatment at API any further. Hence, she failed to demonstrate she was engaged in any protected activity. This evidential basis does not rise to the crest of "insistent inquiries" of appellees or fellow employees and does not provide the predicate to establish factual questions regarding the elements of the alleged tort in question. Because appellant has failed to establish a genuine issue of material fact regarding the causal connection between her complaint and the elimination of her position, appellees are entitled to judgment as a matter of law. We conclude that the trial court did not err in granting summary judgment for appellees on the claim of retaliatory discrimination. Appellant's first assignment of error is overruled.
In her second assignment of error, appellant contends that the trial court erred in granting appellees' motion for summary judgment on herGreeley claim.
Under the employment-at-will doctrine, an employee may be discharged at any time and good cause need not be shown. Clark v. Collins Bus Corp. (2000), 136 Ohio App.3d 448, 451, citing Wright v. Honda of Am. Mfg.,Inc. (1995), 73 Ohio St.3d 571, 574. Termination of an at-will employee is wrongful if the termination was against a clear public policy.Painter v. Graley (1994), 70 Ohio St.3d 377, 383.
The Supreme Court of Ohio recognizes two exceptions to the employment-at-will doctrine related to implied or express contractual provisions which alter the terms of discharge and promissory estoppel where the employee reasonably relies on representations or promises made by the employer. Mers v. Dispatch Printing Co. (1985), 19 Ohio St.3d 100,104-105. When determining if one of the exceptions to the employment-at-will rule is applicable, the court must consider the history of relations between the employer and employee, and the facts and circumstances surrounding the employment-at-will relationship, including the character of the employment, custom, the course of dealing between the parties, company policy, or any other pertinent facts. Id. at 104. A court may also consider "information contained in employee handbooks, oral representations made by supervisory personnel that employees have been promised job security in exchange for good performance, and written assurances reflecting company policy." Wright, 73 Ohio St.3d at 575.
A public policy exception to the employment-at-will doctrine is recognized when an employee is discharged or disciplined for a reason that is prohibited by statute or when some other equally important public policy is violated. Greeley v. Miami Valley Maintenance Contractors,Inc. (1990), 49 Ohio St.3d 228, 234-235. In order to set forth a claim for wrongful discharge in violation of public policy, a plaintiff must show that: (1) a clear public policy existed, which was manifested in a federal or state constitution, statute, or administrative regulation, or in the common law; (2) dismissing employees under circumstances like those involved in this situation would jeopardize public policy; (3) the plaintiff's dismissal was motivated by conduct related to the public policy; and (4) the employer lacked overriding legitimate business justification for the dismissal. Doody v. Centerior Energy Corp. (2000), 137 Ohio App.3d 673, 680.
In the instant matter, although appellant set forth a clear public policy reason, sexual discrimination, which is prohibited by R.C. 4112.02, she failed to demonstrate that her dismissal jeopardized public policy. Appellant neglected to provide proof for purposes of summary judgment that there was illegal discrimination between male and female employees at API. As previously mentioned, appellant's complaint focused on the unequal benefits between male and female employees at API, but her deposition only mentioned smoke breaks and early dismissals as personal inequities with no overtone of sexual discrimination. Therefore, we conclude that appellant has failed to establish that her termination was caused by anything related to public policy. Accordingly, the trial court did not err in granting summary judgment in favor of appellees. Appellant's second assignment of error is without merit.
For her third assignment of error, appellant posits that the trial court erred in granting appellees' motion for summary judgment on her claim for intentional infliction of emotional distress in the work place.
In Phung v. Waste Mgt., Inc. (1994), 71 Ohio St.3d 408, 410, the Supreme Court of Ohio held that in order to prove intentional infliction of emotional distress, a plaintiff must show: "(1) that the defendant intended to cause the plaintiff serious emotional distress, (2) that the defendant's conduct was extreme and outrageous, and (3) that the defendant's conduct was the proximate cause of plaintiff's serious emotional distress."
Here, it is our view that appellant failed to establish an actionable claim. Since she has not presented any evidence to establish that the conduct of appellees was "extreme and outrageous" or that she suffered any emotional injury, summary judgment was appropriate as to her claim of intentional infliction of emotional distress. Accordingly, the record supports the conclusion that there was no genuine issue of material fact. Appellant's third assignment of error lacks merit.
For the foregoing reasons, appellant's assignments of error are notwell-taken. The judgment of the Lake County Court of Common Pleas isaffirmed.
CHRISTLEY, J. and GRENDELL, J. concur.