OPINION
[¶ 1] Defendant-appellant, Shelly Fledderjohann, appeals a Celina Municipal Court judgment entered in favor of her former employers, plaintiff-appellees, County Animal Clinic and Ronald C. Anders, D.V.M (collectively "the Clinic"). Fledderjohann contends that the trial court erred in finding that the employment contract required that she reimburse the Clinic for professional seminars, courses and/or convention expenditures incurred in the two years preceding her departure. Based upon the record before us, we find no error in the trial court's determinations and, accordingly, affirm the judgment.
[¶ 2] Facts and procedural circumstances pertinent to issues raised on appeal are as follows: On June 6, 1997, Fledderjohann and the Clinic entered into a written "Contract for Services" in which Fledderjohann was hired on a commission basis as animal groomer and paid an hourly wage for duties unrelated to grooming. During the course of her employment, Fledderjohann attended four professional seminars, courses, and/or conventions at the Clinic's expense. The Clinic paid for fees and expenses she incurred in attending the events. When she terminated her employment in November 2000, the Clinic filed this action in the Celina Municipal Court seeking reimbursement for those expenditures pursuant to the terms of the employment contract.
[¶ 3] Fledderjohann responded to the Clinic's suit arguing that the employment contract was subject to a condition precedent that had not been satisfied and, alternatively, that the contract had been modified by a subsequent policies and procedures manual. Upon review of the testimony and evidence presented, the trial court concluded that the contract was not subject to a condition precedent and had not been modified by the policies and procedures manual. The court concluded that the Clinic was contractually entitled to reimbursement for the expenses and entered judgment in its favor in the amount of $1,732.66 plus costs. Fledderjohann now appeals, asserting three assignments of error.
 Assignment of Error No. 1 [¶ 4] "The lower court erred in finding that the `Contract for Services' of June 16, 1997 was enforceable between the parties even though there was a finding that the condition as set forth in Article One of the Contract for Services was not met."
[¶ 5] For her first assignment of error, Fledderjohann argues that her certification as a master groomer was a condition precedent to enforceability of the entire agreement. She concludes that because the condition was not satisfied, she is an at-will employee and cannot be bound to the terms of the contract. She further avers that the contract subjects her to liability only for those costs or expenses directly associated with obtaining the master groomer certification and does not extend to seminars or other programs unrelated thereto. We disagree, and proceed to address these arguments in turn.
 Condition Precedent/Enforceability of Contract: [¶ 6] Initially, we must note that this is not a case concerning an oral contract where the terms must be determined. The parties have expressed their promises in a written, signed agreement. Although Fledderjohann claims that her status as an at-will employee precludes the contract's enforceability, at-will employment merely reflects the indeterminate duration of and circumstances under which employment may be terminated, i.e., the employment relationship is for an indefinite duration and terminable at the will of either party; it does not prevent the parties from assenting to covenants which define the nature of their relationship.[1]
 [¶ 7] "If a contract is clear and unambiguous, then its interpretation is a matter of law and there is no issue of fact to be determined."[2] A condition precedent is an act or event that must exist or occur before a duty to execute a promised performance arises. Where the parties agree to a clear and unambiguous contingency provision, the provision becomes a condition precedent that must be performed before the contract becomes enforceable.[3]
 [¶ 8] In an introductory paragraph, the agreement states that the parties "desire to enter into this Contract for the purposes of establishing an employment relationship and to define their rights and obligations to the other." Article One then proceeds to outline the nature and duration of the relationship, providing as follows:
[¶ 9] "Commencing on June 10, 1997, Employee is employed at will until such time as she completes her course at the Nash Academy in Lexington, Kentucky, and receives her certification as a Master Certified Groomer. Upon said certification, Employer contracts for the services of Employee, and Employee hereby accepts the terms of this Contract with Employer, for a period of two (2) years; subject, however, to earlier termination as provided herein. Employment during that two-year period shall be subject to the same terms and provisions set forth herein unless otherwise modified in writing by parties hereto. Employer further contracts for the services of Employee from year to year thereafter unless either party desires to modify this Contract and notifies the other party in writing of his/her desire to terminate or modify said Contract at least sixty (60) days prior to the termination of the modification date."
¶ 10 Attempting to truncate the second sentence from the remaining context of Article One, Fledderjohann asserts that the contract did not take effect until she received the master groomer certification and, therefore, her at-will employment was not subject to its terms and conditions. However, as outlined above, the contract clearly states that "Commencing on June 10, 1997, Employee is employed at will * * *" and then proceeds to indicate that her "[e]mployment during that two year period [after which she has received her master groomer certification]shall be subject to the same terms and provisions set forth herein unless otherwise modified in writing by parties hereto."[4] Fledderjohann testified that she entered the contract understanding she was hired to perform services other than grooming and that, as per the terms of the agreement, she received benefits, was paid a commission for her grooming services, and was paid an hourly rate for unrelated services. Therefore, while the promise for a definite period of employment was conditioned upon master groomer certification, her certification was not a condition precedent to the enforceability of the agreement: upon execution of the contract, Fledderjohan was bound to the covenants contained therein as an at-will employee.[5]
 Contractual Liability for Seminar Expenses: [¶ 11] Fledderjohann argues that Article Two, subparagraph 2.7, which requires that she "shall participate in professional courses, seminars, workshops, conventions and classes which will enable her to obtain her Master Certified Groomer degree[,]" only obligates her to "pay for the cost of tuition and course materials together with all other expenses related to obtaining her certification, including but not limited to all professional registration fees, accommodations and meals." The subsection makes no mention of professional courses, seminars, workshops, conventions or classes not required for or unrelated to obtaining the certification. However, Article Five, entitled "Continuing Education and Training," clearly obligates her to reimburse the Clinic for such expenses incurred within two years of her employment, providing as follows:
[¶ 12] "In order to maintain and improve professional skills, Employer may request that Employee attend professional seminars, courses and conventions in excess of those she has agreed to attend to obtain herrequired certification as a Master Certified Groomer. Employer agrees to pay expenses for said educational courses that meet with Employer's approval. Expenses which include the payment of all professional registration fees, accommodations and meals. Travel expenses to and from the event shall remain the responsibility of the employee.
"Employee agrees to reimburse Employer for all educational expensesincurred at Employer's expense if she terminates employment within two(2) years after attending said educational courses."[6]
 [¶ 13] Fledderjohann testified that she signed the agreement understanding that she would be required to reimburse the Clinic for expenses incurred if she terminated her employment within two years after attending such classes. She additionally admitted that she was obligated to reimburse various expenditures related to her attendance at the seminars and conventions for which the Clinic sought compensation. Therefore, we find no error in the trial court's finding that the contract was not conditioned upon her master groomer certification or that the Clinic was entitled to reimbursement for the training seminar expenditures. Accordingly, Fledderjohann's first assignment of error is overruled.
 Assignment of Error No. 2 [¶ 14] "The Lower Court erred in not finding that the Policies and Procedures Manual as set forth by Plaintiff-Appellee and signed by both parties was not a contract implied in fact."
[¶ 15] In her second assignment of error, Fledderjohann argues that, even if the contract for services is enforceable, a policy and procedures manual she signed in April 2000 modified the agreement and bound the Clinic to provide and pay for all entertainment and educational functions.
[¶ 16] "Generally, employee handbooks do not constitute an employment contract."[7] However, the provisions of an employee handbook or policy and procedures manual may modify an employment contract where the parties manifest an intention to be bound by the terms therein.[8] "In the absence of mutual assent, a handbook is simply a unilateral statement of rules and policies that creates no obligation or rights."[9]
 [¶ 17] Even assuming that the parties manifested their mutual assent to the manual's terms and conditions, the provision that Fleddrjohann relies upon merely indicates that "[a]s deemed possible andfinancially affordable, the hospital will provide special social/entertainment and/or educational functions for the staff either ina partial or total capacity when possible."[10] The provision's generalized and qualified language does not unconditionally bind the Clinic to provide or compensate employees for their attendance of all educational functions. As discussed above, the employment contract contains the essential terms of Fledderjohann's employment, including provisions specifically addressing the parties' respective obligations as to continuing education and training seminars. Moreover, Fledderjohann conceded that the manual was "just a guideline, the general policy about overall conduct while working at the clinic[,]" and that there were no indications at the time she signed the manual that it terminated or superceded the contract for services. Therefore, we do not find that the trial court erred in finding that the employment contract had not been superceded or that the policies and procedures manual had not modified the parties' obligations. Accordingly, Fledderjohann's second assignment of error is overruled.
 Assignment of Error No. 3 [¶ 18] "The Lower Court erred in not adopting the Findings of Fact and Conclusions of Law filed herein by Defendant-Appellant."
[¶ 19] An appellate court will not substitute its judgment for that of the trial court where the record contains competent, credible evidence supporting its findings of fact and conclusions of law.[11]
"The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony."[12] Because, as outlined in our disposition of the preceding assignments of error, the record contains competent, credible evidence supporting the trial court's findings of fact and conclusions of law, we find no abuse of discretion. Accordingly, Fledderjohann's third assignment of error is overruled.
[¶ 20] Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, the judgment of the Celina Municipal Court is hereby affirmed.
Judgment affirmed.
 SHAW, P.J., and BRYANT, J., concur.
[1] Clark v. Collins (2000), 136 Ohio App.3d 448, 451; Wright v. Hondaof Am. Mfg., Inc. (1995), 73 Ohio St.3d 571, 574.
[2] Inland Refuse Transfer Co. v. Browning-Ferris Industries ofOhio, Inc. (1984), 15 Ohio St.3d 321, 322.
[3] Easterly v. Burkett (1982), 6 Ohio App.3d 9, 10.
[4] Emphasis added.
[5] Collins, 136 Ohio App.3d at 451-452.
[6] Emphasis added.
[7] Ridgill v. Little Forest Med. Ctr. (June 28, 2000), 9th Dist. Nos. 19501 and 19530; see, also, Finsterwald-Maiden v. AAA S. Cent. Ohio
(1996), 115 Ohio App.3d 442, 446.
[8] Sowards v. Norbar, Inc. (1992), 78 Ohio App.3d 545, 549-550.
[9] McIntosh v. Roadway Express, Inc. (1994), 94 Ohio App.3d 195, 201, citing Tohline v. Cent. Trust Co. (1988), 48 Ohio App.3d 280, 282.
[10] Emphasis added.
[11] Hubbard ex rel. Creed v. Sauline (1996), 74 Ohio St.3d 402,406.
[12] Seasons Coal Co., Inc. v. City of Cleveland (1984),10 Ohio St.3d 77, 80.