DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Wood County Court of Common Pleas that granted appellee's motion for summary judgment. For the reasons that follow, this court affirms the judgment of the trial court.
Appellant Barbara Baker sets forth the following assignments of error:
 {¶ 2} "The common pleas court erroneously held that the doctrines of implied contract and promissory estoppel do not apply in this case where plaintiff/appellant relinquished employment based on the promises of defendant/appellee's authorized recruiter that plaintiff/appellant had been hired when, in fact, she was not.
 {¶ 3} "The common pleas court erroneously held that the doctrines of negligent and/or fraudulent misrepresentation do not apply where defendant/appellee's authorized recruiter assured plaintiff/appellant that she was hired when, in fact, she had not completed the hiring process pursuant to company policy."
The facts that are relevant to the issues raised on appeal are as follows. On June 19, 2001, Kathy Spitler, sales manager for appellee Northwest Hauling, contacted appellant and asked her if she would be interested in working for appellee. Spitler and appellant met later that day to discuss possible employment. The following day, the two women spoke again and arranged for appellant to meet with Kevin Thrun, appellee's human resources director, and John Stark, the general manager. Later that day, appellant met Thrun and Stark. She also met with Spitler to discuss salary and other financial details, and explained that she would have to resign from her current job. Appellant was given an employment application to complete and was told she would have to undergo a physical examination. She brought her completed employment application to Thrun on June 29, and then met again with Thrun on June 30, to handle additional paperwork. Appellant then was informed that she was scheduled for a physical on July 2. On the day of the physical, however, Spitler called appellant and told her that appellee could not hire her.
 {¶ 4} On October 12, 2001, appellant filed a complaint against appellee in which she alleged breach of implied contract, detrimental reliance, fraudulent misrepresentation and negligent misrepresentation. Appellee filed a motion for summary judgment which the trial court granted on August 9, 2002. The trial court first noted that under Ohio's employment-at-will doctrine, the employment relationship between employer and employee is terminable at the will of either and an employee is subject to discharge at any time, with or without cause. The trial court further noted that implied contract and promissory estoppel are two recognized exceptions to the employment-at-will doctrine but that neither exception applied in this case. The trial court found that there was no implied contract in this case because there was no evidence of a promise of job security and the parties understood that appellant was going to be an employee-at-will. As to the claim of promissory estoppel, the trial court found that there was no promise of continued employment and therefore no basis for relying on anything other than an at-will relationship. The trial court also found that justifiable reliance is one of the elements that must be proved in order to prevail on a claim of negligent or fraudulent misrepresentation and that appellant's reliance on appellee's statement that she was hired was not justifiable since, under Ohio law, while appellant may have been hired she could have been terminated that same day.
In her first assignment of error, appellant asserts that the doctrines of implied contract and promissory estoppel apply in this case because she relinquished her employment based on Spitler's promises that she had been hired. Appellant argues that there was an implied contract to hire her. Appellant further argues that appellee should have reasonably expected her to rely upon its representation that she was hired. She asserts that she relied to her detriment on appellee's promises of job security and that her resignation from her former job was based entirely on appellee's assurances that she had been hired. She further argues that Spitler made a clear and specific promise that she was hired, assured appellant that she had the authority to hire for the company, and knew that appellant was going to give up another job in order to work for appellee.
 {¶ 5} In reviewing a summary judgment, this court must apply the same standard as the trial court. Lorain Natl. Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127, 129. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).
As the trial court noted, Ohio is an employment-at-will state where employers are free to discharge at-will employees at any time for any reason not contrary to law. Mers v. Dispatch Printing Co. (1985),19 Ohio St.3d 100. While an implied contract or promissory estoppel may provide an exception to the employment-at-will doctrine, Mers, supra, those exceptions will not apply where there is an unambiguous written contract to the contrary. Lane v. Terminal Freight Handling Co. (S.D.Ohio, 1991), 775 F. Supp. 1101, 1105.
 {¶ 6} In this case, appellant signed an employment application that contained the following language which this court finds sufficient to render her breach of contract and promissory estoppel claims invalid:
 {¶ 7} "I understand that nothing contained in the application or conveyed during any interview which may be granted is intended to create an employment contract between me and the Company. In addition, I understand and agree that if employed, my employment is for no definite or determinable period and may be terminated at any time, with or without cause and with or without notice, at the option of either myself or the Company. No promises or representations contrary to the foregoing are binding on the Company unless made in writing and signed by me and the appropriate senior management."
 {¶ 8} It is clear that appellant agreed to the terms contained in her application as quoted above. By signing the application, appellant agreed that there was no employment contract between her and appellee and that "if employed," she would be an employee-at-will with her employment for no definite period and terminable at any time, with or without cause. Appellant testified at deposition that she was told that passing the physical exam and drug test was required for employment. The record does not show that any of appellee's representatives made a promise of special job security or employment of a specific duration, and there is no evidence of an implied contract for employment. As to the issue of promissory estoppel, while the record shows that Spitler discussed employment opportunities and benefits with appellant during the initial hiring process, there is no indication of a clear, unambiguous promise of continued employment or employment for a specific duration. Ohio courts have held that, "in the absence of a `specific promise of continued employment,' a promise of future benefits or opportunities does not support a promissory estoppel exception to the employment-at-will doctrine." Vennekotter v. Ohio Turbine Center, Inc., 3rd Dist. No. 12-2000-12, 2001-Ohio-2130, citing Clark v. Collins Bus Corp. (2000),136 Ohio App.3d 448, 452. Based on the foregoing, we find that there is no genuine issue of material fact with regard to the issues of implied contract or promissory estoppel, and appellant's first assignment of error is not well-taken.
 {¶ 9} In her second assignment of error, appellant asserts that a genuine issue of fact exists as to whether Spitler's statements to her constituted fraudulent or negligent misrepresentations. Appellant claims that Spitler's statement that she had been hired represented a fraudulent misrepresentation because Spitler knew that the hiring process was not yet complete. She further claims that she justifiably relied on Spitler's statement to her detriment by resigning from her previous job. The trial court in this case reasoned that since justifiable reliance is one of the elements that must be proved to support either one of the claims of misrepresentation and there can be no justifiable reliance in an employment-at-will context such as the one in this case, appellant's argument must fail. We agree.
"* * * The [relevant] elements of fraud are: a) a representation * * *, b) * * * material to the transaction at hand, c) made falsely, * * * d) with the intent of misleading another into relying upon it, e) justifiable reliance upon the representation * * *, and f) a resulting injury proximately caused by the reliance. * * *" Burr v.Stark Cty. Bd. of Commrs. (1986), 23 Ohio St.3d 69, paragraph two of the syllabus.
 {¶ 10} Further, the Supreme Court of Ohio has stated that negligent misrepresentation is established by proof showing that the defendant, while acting in the course of a business in which he has a pecuniary interest, failed to exercise due care or competence and supplied false information for the guidance of others in a business transaction, and by proof that the others justifiably relied on the information.Delman v. Cleveland Heights (1989), 41 Ohio St.3d 1, 4.
 {¶ 11} As the trial court stated, appellant was required to prove justifiable reliance upon appellee's statements in order to prevail on a claim of negligent or fraudulent misrepresentation. At best, appellant was offered a job contingent on the satisfactory completion of her physical examination. Appellant testified that Spitler explained that contingency to her and appellant acknowledged signing a form that listed several factors upon which her employment was contingent, one of which was passing the pre-employment physical. We are therefore unable to find that appellant justifiably relied on any of Spitler's statements and, therefore, her claims of negligent and fraudulent misrepresentation must fail. Accordingly, appellant's second assignment of error is not well taken.
This court has reviewed the entire record of proceedings before the trial court and, upon consideration thereof and the law, finds that there exists no genuine issue of material fact and, when construing the evidence that was before the trial court most strongly in favor of appellant, reasonable minds can only conclude that appellee is entitled to summary judgment as a matter of law.
 {¶ 12} On consideration whereof, this court finds that substantial justice was done the party complaining and the judgment of the Wood County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J., Richard W. Knepper, J., and Arlene Singer,J., CONCUR.