DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Rachel Mesek, appeals from a judgment of the Summit County Court of Common Pleas that dismissed her claims against Roberts Communications, Inc. ("Roberts") and Geoffrey E. Hill (collectively "the defendants"). We reverse.
 {¶ 2} Because this is an appeal from the dismissal of a complaint for failure to state a claim, this Court must accept the facts as alleged in Mesek's complaint. According to her complaint, during the spring of 2004, she was recruited by Hill, who was an agent of Roberts, to take a position of sales executive with the company. Mesek was employed at that time as the admissions director at a catholic school. On June 2, 2004, Defendants communicated a written offer of employment to Mesek, which indicated a starting date of July 1, 2004. Mesek accepted the offer from Defendants and quit her job at the school.
 {¶ 3} Roberts later withdrew its offer of employment and Mesek filed this action, alleging claims for breach of contract and promissory estoppel. Roberts filed a motion to dismiss the complaint pursuant to Civ.R. 12(B)(6) because Mesek had failed to state a claim upon which relief could be granted. Specifically, it alleged that Mesek would have been an at-will employee and it was free to terminate her employment at any time, including before the employment began. Although Roberts recognized that there are exceptions to the employment-at-will doctrine, it contended that Mesek's allegations were insufficient to state a claim under either of those exceptions.
 {¶ 4} Mesek filed a brief in opposition to the motion to dismiss, contending that her complaint did state a cause of action under either the implied contract or promissory estoppel exception to the employment-at-will doctrine. She asserted specifically that she had attached a written contract to her complaint that supported her claims.
 {¶ 5} The trial court found that the allegations in Mesek's complaint, including the attached contract, failed to state a claim under either exception to the employment-at-will doctrine and dismissed her complaint against Roberts. Although Hill had not moved to dismiss the complaint, because the allegations against both defendants were the same, the trial court sua sponte dismissed the complaint against Hill. Mesek appeals and raises one assignment of error.
 ASSIGNMENT OF ERROR
"The trial court erred when it granted Appellee Roberts Communications, Inc.'s motion to dismiss and sua sponte dismissed Appellant's claims against Geoffrey Hill, pursuant to Civ.R. 12(B)(6)."
 {¶ 6} Mesek contends that the trial court erred in dismissing her complaint against Roberts and Hill. Roberts moved to dismiss the complaint because, although it conceded that it had offered Mesek a position of employment, which it later withdrew, Mesek would have been an at-will employee and Roberts was free to terminate her employment at any time, even before she began.
 {¶ 7} In Ohio, an employment relationship with no fixed duration is deemed to be at will, which means that the employee is free to seek employment elsewhere, and the employer may terminate the employment relationship at any time, even without cause. Hanly v. Riverside Methodist Hosp. (1991),78 Ohio App.3d 73, 77. The Supreme Court of Ohio has, however, recognized two exceptions to the employment-at-will doctrine: the existence of implied or express provisions that alter the terms of discharge and the existence of promissory estoppel where representations or promises have been made to an employee.Wright v. Honda of Am. Mfg., Inc. (1995), 73 Ohio St.3d 571,574.
 {¶ 8} The doctrine of promissory estoppel is applicable to employment-at-will relationships when a promise that the employer should reasonably expect to induce action or forbearance on the part of the employee does induce such action or forbearance, if injustice can be avoided only by enforcement of the promise. "The test in such cases is whether the employer should have reasonably expected its representation to be relied upon by its employee and, if so, whether the expected action or forbearance actually resulted and was detrimental to the employee." Kelly v.Georgia-Pacific Corp. (1989), 46 Ohio St.3d 134, 139. In addition, "[a] promise of future benefits or opportunities without a specific promise of continued employment does not support a promissory estoppel exception to the employment-at-will doctrine." Wing v. Anchor Media, Ltd. of Texas (1991),59 Ohio St.3d 108, paragraph two of the syllabus.
 {¶ 9} Mesek contends that her complaint should not have been dismissed because it alleged claims under both of the above exceptions to the employment-at-will doctrine. Mesek attempted to allege claims of promissory estoppel and breach of contract against Roberts and Hill, contending that they had promised her a position as sales executive, enticed her to leave an existing position of employment, and then withdrew the offer of employment before she began. Mesek attached to the complaint an agreement, signed by both Mesek and Hill, which set forth some of the terms of Mesek's upcoming employment.
 {¶ 10} It was undisputed that Mesek had sufficiently alleged that Roberts offered her a position as sales executive at an annual salary of $36,000, that her employment was to begin of July 1, 2004, that she accepted the offer through a written agreement dated June 9, 2004, and that she resigned from her former position to take the position with Roberts. The sole dispute here is whether Mesek had sufficiently alleged a promise by the defendants of continued employment.
 {¶ 11} Roberts, and the trial court, focused on the case ofClark v. Collins Bus Corp. (2000), 136 Ohio App.3d 448, to conclude that Mesek's references to future training dates
 {¶ 12} were insufficient to constitute a promise of continued employment. Aside from the fact that Clark involved a different written agreement from the one at issue here, Clark was decided on summary judgment. Id. at 453. In fact, most of the cases that this Court found on this issue either went to trial or were decided on summary judgment, and had not been dismissed pursuant to Civ.R. 12(B)(6).
 {¶ 13} A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to relief. O'Brien v. University Community Tenants Union (1975),42 Ohio St.2d 242, syllabus. The court must liberally construe the complaint, accept the allegations as true, and view them in the light most favorable to the pleading party. Slife v. KundtzProperties (1974), 40 Ohio App.2d 179, 182.
 {¶ 14} "Actually few complaints fail to meet the liberal standards of Rule 8 and become subject to dismissal. All that the civil rules require is a short, plain statement of the claim that will give the defendant fair notice of the plaintiff's claim and the grounds upon which it is based." (Citations omitted.)Slife, supra. "Dismissal is not warranted simply because the court doubts that the plaintiff will win on the merits." Andersv. Specialty Chem. Resources, Inc. (1997), 121 Ohio App.3d 348,354.
 {¶ 15} Pursuant to Civ.R. 10(D)(1), Mesek attached to her complaint the written instrument that she alleged had created her employment contract or the promises supporting her claim for promissory estoppel. According to Civ.R. 10(C), "[a] copy of any written instrument attached to a pleading is a part of the pleading for all purposes." Consequently, it can be considered in the trial court's review of a motion to dismiss pursuant to Civ.R. 12(B)(6). State ex rel. Crabtree v. Franklin Cty. Bd. ofHealth (1997), 77 Ohio St.3d 247, 249. Where a writing is attached to the complaint pursuant to Civ.R. 10(D), dismissal under Civ.R. 12(B)(6) is proper only when the language of the writing precludes any possibility of recovery by the plaintiff.Slife, 40 Ohio App.2d at 185-186.
 {¶ 16} The agreement attached to Mesek's complaint did not preclude any possibility of recovery by Mesek. The agreement attached to Mesek's complaint set forth some of the terms of her employment, including job responsibilities, starting date of July 1, 2004, and that she would receive an annual salary of $36,000.
 {¶ 17} The agreement also provided as follows:
"As per our discussion, you will be available:
• July 8 and 9, 2004 for on-premises familiarization
• July 12, 13, and 14, 2004 for sales solicitations (at home or in office)
• July 21, 2004 to begin in office full-time."
 {¶ 18} In opposition to Roberts' motion to dismiss, Mesek maintained that the written agreement attached to her complaint evidenced a promise by the defendants of continued employment at least through the specific dates indicated in the writing. Construing the complaint liberally in favor of the plaintiff, the parties signed an agreement that Mesek would begin her position on July 1 and that she agreed to be available on several specific dates in July. The trial court incorrectly concluded that it was beyond doubt that Mesek could prove no set of facts to entitle her to relief.
 {¶ 19} Consequently, the trial court erred in dismissing Mesek's complaint against Roberts and Hill. The assignment of error is sustained.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellees.
Whitmore, J. concurs.
Carr, J. concurs in judgment only.